

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**DONNA A. CANFIELD**
*Assistant Corporation Counsel*
phone: (212) 356-2461
email: dcanfiel@law.nyc.gov

February 5, 2020

**BY ECF**
Magistrate Judge Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl St., Room 702
New York, NY 10007-1312

          Re:    *Local 3621, et al., v. City of New York et al.*
                  Civil Action Number: 18 CV 4476

Dear Magistrate Judge Cave:

        Pursuant to Your Honor's January 29, 2020 Telephonic Order, Defendants provide this brief submission to address the three discovery issues that remain in contention: (1) Plaintiffs' request for "other litigation and/or complaints of discrimination regarding promotions in the EMS Bureau received by Defendants from 1996 to present (*see* Dkt. 70-1 at page 4 of 6); (2) Defendants' request for information and/or documents related to any outside employment by the individually-named Plaintiffs (*see* Dkt. 69-1 at Document Requests Nos. 23 and 27) and (3) Defendants' request for medical/mental health releases (*see* Dkt. 69-1 at Document Requests Nos. 19 and 26).  Each are discuss separately below.

    **1. Plaintiffs' request for "other litigation and/or complaints of discrimination regarding promotions in the EMS Bureau received by Defendants from 1996 to present."**

        In response to this request, Defendants have agreed to produce all formal internal and administrative *substantiated* complaints and/or jury verdicts, as well as any settlements resulting from claims of race, gender, and disability discrimination in the EMS promotional process, and claims of retaliation from the use of Family Medical Leave Act ("FMLA") leave when considering candidates for EMS promotion for the time period of 2012 to present.  Plaintiffs, on the other hand, seek all complaints, whether substantiated or unsubstantiated.  Defendants submit that only *evidence* of discrimination and/or retaliation is relevant and proportional to the claims in this action.

        The 2015 amendments to the Federal Rules of Civil Procedure changed the scope of discovery available in employment discrimination cases.  Under the revised rule, information

Honorable Sarah L. Cave
*Local 3621, et al., v. City of New York et al.*
February 5, 2020
Page 2 of 3

is discoverable if it is relevant to any party's claim or defense and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* The cases cited by Plaintiffs—*Louison v. Blue Cross Blue Shield of Greater N.Y.*, 1990 WL 108347, at *1 (S.D.N.Y. July 23, 1990) and *Jhirad v. TD Securities USA, Inc.*, 2003 WL 1872654 (S.D.N.Y. April 10, 2003)—pre-date the 2015 amendments, did not consider the factors listed above, and therefore, allowed for wide-ranging discovery requests. Post-2015, each discovery request is now subject to an examination by the courts under the amended Rule 26(b)(1) and its proportionality factors, which generally result in a narrower scope of discovery.

In this case, Plaintiffs' broadly-worded request seeking all complaints is neither relevant nor proportional to the needs of the case. Plaintiffs have not established how the majority of these documents sought are more than of minimal importance in resolving the issues in the action, or how the volume of documents requested is proportional to their claims. *See Mayo-Coleman v. Am. Sugar Holding, Inc.* 2016 U.S. Dist. LEXIS 118309 at *13-14 (August 9, 2016) (court denied plaintiff's discovery request that defendants disclose "any evidence of prior complaints of discrimination and retaliation," on the grounds that the "demand for the disclosure . . . is based on [nothing] more than conjecture," and "such a sweeping request for information makes the relevancy of the information to the claims or defenses asserted in this action suspect"); *see also Vaigasi v. Solow Mgmt. Corp.*, 2016 U.S. Dist. LEXIS 18460 at *13-14 (S.D.N.Y. Feb. 16, 2016)(proportionality "focuses on the marginal utility of the discovery sought," and "[p]roportionality and relevance are 'conjoined' concepts; the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate"). Here, Plaintiffs simply have not established the appropriateness of requiring Defendants to scour their records for the last 8 years of all unsubstantiated discrimination claims—whether formal or informal, internal or administrative—and as such, Plaintiff have not established that all this information is relevant to the parties' claims or defenses and proportional to the needs of the case. Accordingly, unless Plaintiffs are able to make a specific factual showing that unsubstantiated claims are relevant and proportional to the needs of the case, Defendants respectfully request that the Court limit this request as set forth by Defendants above.

**2. Defendants' request for information and/or documents related to any outside employment by the individually-named Plaintiffs**

After review, Defendants have determined that any information concerning outside employment will be sought, if necessary, following deposition testimony of the individually-named Plaintiffs.

**3. Defendants' request for medical/mental health releases**

After review, Defendants have determined that any information concerning outside employment will be sought, if necessary, following deposition testimony of the individually-named Plaintiffs.

Honorable Sarah L. Cave
*Local 3621, et al., v. City of New York et al.*
February 5, 2020
Page 3 of 3

                                    Respectfully submitted,

                                    ECF            /s/
                                    Donna A. Canfield
                                    Assistant Corporation Counsel
                                    dcanfiel@law.nyc.gov

cc:    Yetta G. Kurland
       (by ECF)