UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
LOCAL 3621, EMS OFFICERS UNION, DC-37, AFSCME,
AFL-CIO, et al.,

                Plaintiffs,

    against

THE CITY OF NEW YORK, et al.,

                Defendants.

CIVIL ACTION NO.: 18 Civ. 4476 (LJL) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

The Court is in receipt of Defendants' Letter-Motion at ECF No. 92 seeking clarification and reconsideration of the Court's May 15, 2020 discovery order directing Defendants to have its 30(b)(6) witness provide the names of persons with knowledge in six areas of information requested by Plaintiffs in an executed affidavit. (ECF No. 91).

Defendants first seek clarity on the time frame of the Court's order, and "request that the Court limit the Rule 30(b)(6) topics numbers 1–4, and 6 to the EMS Bureau promotional opportunities sought by the named-plaintiffs between 2012 and the present." (ECF No. 92 at 2). The Court's Order at ECF No. 91 did not amend its previous order limiting discovery at this time to the years 2012 through the present. Thus, the Defendants' responses should be limited to that timeframe.

Defendants next state that providing the requested information in an affidavit is "overly burdensome," not efficient and request that the "Court reconsider its order requiring an executed affidavit attesting to the Rule 30(b)(6) topics under oath." (Id. at 3). Defendants state that no one witness is able to respond to each of the 30(b)(6) topics, and reiterates that many of

the Defendants are working on the front lines of the COVID-19 public health emergency.  (Id. at 2).

Based on the multiple discovery conferences held in this matter, the Court understands that Plaintiff has been seeking the names of persons with certain responsibilities in Defendants' promotional process throughout discovery in this case.  Plaintiffs have requested this information informally and through interrogatories, to which Defendants objected.  The Court agreed that Defendants' objections were procedurally proper, and suggested in the alternative that Plaintiffs could seek the requested information by serving a Rule 30(b)(6) notice.   Plaintiffs then served a Rule 30(b)(6) notice to Defendants seeking a witness to provide the names of persons with knowledge in six areas of experience requested by Plaintiffs.  (ECF No. 90 at 1).  On receipt of the Rule 30(b)(6) notice, Defendants did not formally respond, but rather emailed Plaintiff regarding a few of the topics.  (ECF No. 92 at 1).

The Court made clear in the May 7, 2020 discovery conference that Plaintiffs may seek from Defendants one 30(b)(6) witness to identify the other witnesses it seeks.  Thus, Defendants' contention that it does not have time to prepare the 30(b)(6) witnesses is inapposite, as the notice seeks "respresentative[s] of Defendants" who have the most knowledge in certain areas, in other words, the names of persons most knowledgeable on the topic, not substantive testimony on the topics themselves.

To clarify – by **May 29, 2020**, Defendants are ORDERED to provide an executed affidavit under oath by a Rule 30(b)(6) witness setting forth the names of persons (from 2012 to the present) with knowledge of the six areas of information requested by Plaintiffs.

Defendants' motion for reconsideration is otherwise DENIED. The Clerk of Court is respectfully directed to close the Letter-Motion at ECF No. 92.

Dated:      New York, New York
            May 19, 2020                        SO ORDERED

_____
SARAH L. CAVE
United States Magistrate Judge