

JAMES E. JOHNSON
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

DONNA A. CANFIELD
*Assistant Corporation Counsel*
phone: (212) 356-2461
email: dcanfiel@law.nyc.gov

May 26, 2020

**BY ECF**
Magistrate Judge Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl St., Room 702
New York, NY 10007-1312

      Re: *Local 3621, et al., v. City of New York et al.*
        Civil Action Number: 18 CV 4476

Dear Magistrate Judge Cave:

    After meeting and conferring with Plaintiffs' counsel on several occasions—by email and telephone—the parties have reached a search term agreement for collection and review. While the parties have agreed on search terms for collection and review, we have not reached an agreement concerning custodians. Pursuant to Your Honor's May 7, 2020 Order and for the reasons set forth below, I ask the Court to consider and endorse the custodians proposed by Defendants.

    As an initial matter, "a responding party is generally entitled to select the custodians most likely to possess responsive information. *See Mortgage Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.*, 15 CV 0293, 2017 U.S. Dist. LEXIS 78217, 2017 WL 2305398, at * 2 (S.D.N.Y. May 18, 2017) ("Absent agreement among the parties, then, the responding party is entitled to select the custodians most likely to possess responsive information and to search the files of those individuals"). "Unless that choice is manifestly unreasonable or the requesting party demonstrates that the resulting production is deficient, the court should play no role in dictating the design of the search, whether in choosing search tools, selecting search terms, or...designating custodians." *Id.*

    Further, "'a party seeking to compel another party to search the files of additional custodians bears the burden of establishing the relevance of the documents it seeks from those custodians.'" *Id.* (*quoting Lightsquared Inc. v. Deere & Co.*, No. 13 Civ. 8157, 2015 U.S. Dist. LEXIS 166403, 2015 WL 8675377, at *5 (S.D.N.Y. Dec. 10, 2015)). *See also Enslin v. Coca-Cola Company*, 14-6476, 2016 U.S. Dist. LEXIS 193556, 2016 WL 7042206, at * 3 (E.D. Pa. June 8, 2016) ("Asking a court to compel a party to search the ESI of additional custodians is similar to asking a court to compel a party to undertake additional efforts to search for paper

Honorable Sarah L. Cave
*Local 3621, et al., v. City of New York et al.*
May 26, 2020
Page 2 of 4

documents. In either case, the requesting party is second-guessing the responding party's representation that it conducted a reasonable inquiry for responsive information, and in either case, the burden appropriately lies with the requesting party to show that the responding party's search was inadequate") (*citing Scott C. v. Bethlehem Area Sch. Dist.*, No. 00-642, 2002 U.S. Dist. LEXIS 14042, 2002 WL 32349817, at *1 (E.D. Pa. July 23, 2002) (refusing to compel a party to conduct a further search for documents because the requesting party "ha[d] not pointed to any evidence" that the responding party had failed to conduct a reasonable search).

Consistent with Your Honor's Order, which limited pre-certification merits discovery "to information relevant to the discrimination Mascol and Rodriguez allege with respect to themselves," Defendants previously identified the following fifteen (15) individuals as responsive, since they were directly involved in the promotional process for the promotional opportunities sought by Mascol and/or Rodriquez:[1]

> Chief James Booth
>
> Chief Christine Mazzola
>
> Chief Denise Werner
>
> Chief Roberto Colon
>
> Chief Christopher Bilz
>
> Chief Alvin Suriel
>
> Chief Grace Cacciola
>
> Aurora Perez
>
> David Ogula
>
> Valerie Loubriel
>
> Adam Harris
>
> Roxanne Tabor
>
> Vincent Variale
>
> Captain Renae Mascol
>
> Captain Luis Rodriguez

That being said, following the parties' last telephone conference with the Court and in an effort to reach an agreement with Plaintiffs' counsel in order to move this case forward without further delay, Defendants have communicated to Plaintiffs that they will agree to include nine (9) additional custodians. Each of these additional custodians has been involved in the SEMSS promotion process within the relevant time period of 2012 to present:

---

[1] This includes Captain posting numbers 2014-177, 2015-141, 2016-930, 2017-099, and 2018-076.

Honorable Sarah L. Cave
*Local 3621, et al., v. City of New York et al.*
May 26, 2020
Page 3 of 4

      Chief Lillian Bonsignore

      Chief Jerry Gombo

      Chief Abdo Nahmod

      Chief Nancy Gilligan

      Chief Michael Fitton

      Donay Queenan

      Cecilia Loving

      Margo Ferrandino

      Don Nguyen

It is Defendants' position that the list of custodians identified are the most likely to possess responsive information pertaining to the claims raised in Plaintiffs' putative class action.

Although Plaintiffs do agree on a number of Defendants' proposed custodians, they seek additional custodians they are unlikely to possess responsive information. Plaintiffs' latest custodian proposal presented to Defendants includes thirty-five custodians, ranging from the Commissioners of the Mayor's Office of Labor Relations ("OLR") and the New York City Department of Citywide Administrative Services ("DCAS"), to staff attorneys employed by these agencies and by the FDNY. Plaintiffs' list of custodians is unreasonable and highly unlikely to lead to responsive information. In fact, when pressed, Plaintiffs' counsel was unable to articulate how these additional custodians possessed relevant information. Accordingly, the Court should endorse Defendants' proposed list of custodians for ESI collection. *Ford Motor Co. v. Edgewood Properties, Inc.*, Civil Action No. 06-1278, 257 F.R.D. 418, 427 (D.N.J. May 19, 2009) ("'[a]bsen[t] agreement, a [responding] party has the presumption, under Sedona Principle 6, that it is in the best position to choose an appropriate method of searching and culling data.'") (*citing* The Sedona Conference Best Practices Commentary on the Use of Search and Information Retrieval Methods in E—Discovery)."

For the reasons set forth above, Defendants respectfully request that the Court endorse the list of twenty-four (24) custodians identified by Defendants.

                                                Respectfully submitted,

                                                ECF            /s/

                                                Donna A. Canfield
                                                Assistant Corporation Counsel
                                                dcanfiel@law.nyc.gov

Honorable Sarah L. Cave
*Local 3621, et al., v. City of New York et al.*
May 26, 2020
Page 4 of 4

cc:	Yetta G. Kurland
	(by ECF)