UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOCAL 3621, EMS OFFICERS UNION, DC-37, AFSCME, AFL-CIO, et al.,

                Plaintiffs,

against

THE CITY OF NEW YORK, et al.,

                Defendants.

CIVIL ACTION NO.: 18 Civ. 4476 (LJL) (SLC)

**DISCOVERY ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

The Court is in receipt of Plaintiffs' letter at ECF No. 101 requesting the addition of FDNY First Commissioner Laura Kavanagh as a custodian for the ESI discovery set forth in the Court's May 27, 2020 Order (the "May 27 Order"), Defendants' opposition at ECF No. 102, and Plaintiffs' reply at ECF No. 103.  In addition to opposing Plaintiffs' request for the addition of Ms. Kavanagh as a custodian, Defendants' letter requests reconsideration of the May 27 Order (ECF No. 100), and requests that the Court order Plaintiffs to produce certain discovery.  (ECF No. 102 at 1–2).

Defendants request that the Court reconsider its May 27 Order directing Defendants to search the email of custodians Pamela Lassiter, Sabrina Jiggets, Nneka Martin, and Ruth Mariampolski.  (ECF No. 102 at 2).  Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b) govern motions for reconsideration.  Local Civil Rule 6.3 specifies timing, giving the moving party fourteen days after an entry of judgment to file a motion for reconsideration.  Local Civ. R. 6.3. Rule 60(b) provides

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a

  new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

  Rule 60(b) affords "'extraordinary judicial relief'" that "can be granted 'only upon a showing of exceptional circumstances.'" Kubicek v. Westchester Cty., No. 08 Civ. 372 (ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986)). The reconsideration standard "is strict," and reconsideration is generally only granted upon a showing of "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

  A motion for reconsideration is not "an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). It is not a way to "advance new facts, issues or arguments not previously presented to the Court." Polsby v. St. Martin's Press, Inc., No. 97 Civ. 960 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (internal citation omitted).

  Defendants have not demonstrated "exceptional circumstances" to necessitate relief from the Court's May 27 Order. They have not provided any information that was not available at the time the parties presented their competing proposals for ESI custodians, and have not pointed the Court to any controlling decisions that would alter the Court's conclusions. Accordingly, the Defendants' motion for reconsideration is DENIED.

Plaintiffs' request for the addition of FDNY First Commissioner Laura Kavanagh as a custodian is DENIED without prejudice. The Court notes that this request should have been filed as a motion for reconsideration, and thus has considered the request under the standards discussed above. Plaintiffs have not demonstrated a compelling need for the addition of Ms. Kavanagh at this time, and have not provided any additional facts that were not available to the parties at the time parties presented their competing proposals for ESI custodians, nor have they pointed to any controlling authority that the Court overlooked in reaching its initial decision.

Finally, the Court reminds the parties that they are engaged in class certification discovery, not merits discovery, and that all discovery disputes must be discussed between the parties before raising them with the Court. Accordingly, Defendants' request to compel additional discovery from Plaintiffs at this time is DENIED without prejudice.

The Clerk of Court is respectfully directed to close the Motion at ECF No. 102.

Dated:   New York, New York
         June 1, 2020                                SO ORDERED

                                                     _____
                                                     SARAH L. CAVE
                                                     United States Magistrate Judge