UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOCAL 3621, EMS OFFICERS UNION, DC-37, AFSCME, AFL-CIO, et al.,

                Plaintiffs,

  against

THE CITY OF NEW YORK, et al.,

                Defendants.

CIVIL ACTION NO.: 18 Civ. 4476 (LJL) (SLC)

**DISCOVERY ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is Plaintiffs' letter-motion at ECF No. 107 requesting that the Court compel Defendants to cure perceived defects in their Rule 30(b)(6) affidavit produced on May 29, 2020 and complete their ESI production by June 30, 2020 (the "Motion"). The Court has also reviewed Defendants' response at ECF No. 108, and Plaintiffs' reply at ECF No. 109. For the reasons set forth below, Plaintiffs' Motion is GRANTED IN PART and DENIED IN PART.

The background of this case is set forth in the Court's March 11, 2020 Memorandum Opinion & Order (ECF No. 79) (the "March 11 Order") and is incorporated by reference herein. During discovery in this case, Plaintiffs have long sought the names of certain individuals who were involved in the promotional processes in the EMS Bureau of the FDNY. (ECF No. 101 at 1). This topic has been the subject of a prior discovery conference with the Court, as well as multiple Court orders. (ECF Nos. 87, 91, 95).

On May 19, 2020 the Court ordered Defendants "to provide an executed affidavit under oath by a Rule 30(b)(6) witness setting forth the names of the persons (from 2012 to the present) with knowledge of the six areas of information requested by Plaintiffs." (ECF No. 95) (the

"May 19 Order"). On May 29, 2020, Defendants produced to Plaintiffs the Affidavit of Alvin Suriel, an Assistant Chief in the EMS Bureau of the FDNY (the "Suriel Affidavit"). (ECF No. 107-1).

Plaintiffs argue that the Suriel Affidavit "contains individuals 'with knowledge of' the requested individuals" rather than the names of individuals who could attest to the six subject areas themselves. (ECF No. 107 at 2). Plaintiffs state that this is how Defendants explained the affidavit in their meet and confer on June 9, 2020 and request that the Court order Defendants to provide "the actual names of the witnesses requested by Plaintiffs . . . not simply people who would have information about the names of these witnesses." (Id. at 3). Defendants respond that the affidavit complies with the Court's orders and that "Defendants have appropriately identified those individuals who can respond to questioning regarding the EMS Bureau's promotional process." (ECF No. 108 at 1–2).

On the face of the Rule 30(b)(6) affidavit submitted by Defendants, the Court finds that, for the most part, it complies with the May 19 Order in that it provides names of witnesses who have the requested information for each topic. The Court credits Defendants' argument that, given the scope of information the Plaintiffs are seeking about a promotional process over eight years involving multiple ranks, there are multiple individuals who, combined, possess the information Plaintiffs are seeking. (ECF No. 108 at 1–2). Accordingly, with respect to questions 1–4 and 6, the Court will not compel Defendants to revise or supplement the Suriel Affidavit.

Plaintiffs also contest Mr. Suriel's response to Question 5: "Who developed the new promotional process in the EMS Bureau of the FDNY to comply with Civil Service Law § 59-b." (ECF No. 107 at 2). Mr. Suriel responded to Question 5 stating: "The EMS Bureau is not

responsible for developing a competitive examination consistent with Civil Service Law § 59-b." (ECF No. 107-1 at 3). Plaintiffs ask that the Court order Defendants to answer this question, "regardless of what agency those individuals are employed at or the status of that implementation." (ECF No. 107 at 3). Defendants state that because it is the Department of Administrative Services ("DCAS") and not the FDNY who develops the civil service testing, a Rule 30(b)(6) witness from the FDNY would not have this information. (ECF No. 108 at 2).

The Court finds that the answer to Question 5 in the Suriel Affidavit is deficient. The Court's multiple orders unambiguously directed <u>Defendants</u> to answer all six questions presented by Plaintiffs; the direction was not confined to FDNY. (ECF Nos. 91, 95). Plaintiffs' 30(b)(6) notice requested a representative from "Defendants" to answer the questions in the notice, not just the "FDNY." (ECF No. 93-1 at 2). Further, DCAS is a named Defendant in this case. (ECF No. 1). Defendants provided an affidavit from an Assistant Chief in the FDNY Bureau of EMS, but could have also provided a separate affidavit from a representative of DCAS or another appropriate City agency to answer Question 5, or could have provided one affidavit from the City answering all six questions. Accordingly, Defendants are directed to answer Question 5 either by revising the Suriel Affidavit or submitting another affidavit from a representative of an appropriate Defendant.

Finally, Plaintiffs advise the Court that Defendants have indicated they would not complete the production of their ESI by June 30, 2020, as required by the Order of the Honorable Lewis J. Liman dated March 31, 2020. (ECF No. 107 at 3). Defendants respond that "[t]here was no understanding between the parties that Plaintiffs required the production of ESI prior to seeking class certification." (ECF No. 108 at 2). They argue that the ESI search protocols were

3

only recently finalized, such that "it is not possible for Defendants to collect, review, and produce ESI" within 30 days. (ECF No. 108 at 2).

Based on the multiple conferences with the Court and the continued focus on streamlining discovery at this stage, including ESI discovery, to focus on class certification (i.e. by limiting the timeframe of ESI searches from 2012 to present), the Court finds Defendants' position that such discovery was not contemplated for class certification inconsistent with the Court's prior orders in this case. In its letter to the Court regarding ESI protocols, Defendants stated, "[c]onsistent with Your Honor's Order, which limited pre-certification merits discovery 'to information relevant to the discrimination Mascol and Rodriguez allege with respect to themselves,' Defendants [have] identified the following fifteen (15) individuals as responsive." (ECF No. 98 at 2). Defendants continued, "[i]t is Defendants' position that the list of custodians identified are the most likely to possess responsive information pertaining to the claims raised in Plaintiffs' putative class action." (Id. at 3). As these representations indicate, Defendants understood that the ESI protocols were being negotiated in connection with the class certification motion, and the Court reviewed and ruled on the parties' proposed ESI protocols with that same understanding. Although Defendants attempt argue that they were only required to complete discovery of the three remaining categories listed in footnote 3 of the March 11 Order, those categories were supposed to have been completed "by the end of [March]," now nearly three months ago. (ECF No. 79 at 12). Since then, the parties' focus turned to the ESI discovery that the Court contemplated would proceed "while the class certification motion is pending." (Id. at 13).

4

ESI is the part of virtually all document discovery, and has certainly been an on-going focus of the parties and the Court in this case. At no point did the Court indicate that the class certification discovery period would not include ESI. The Court is mindful, however, that only recently, after two Orders of this Court resolving ESI issues on which the parties could not agree (ECF Nos. 101, 104), did the parties finalize the ESI search parameters that Defendants are to employ. Assuming that Defendants have begun to implement those search terms, they should be in a position to assess how many "hits" those terms have, how many ESI documents need to be reviewed, and how long that review will take before they can complete production, on a rolling basis, to Plaintiffs. Accordingly, the Court directs the parties to meet and confer as to the schedule for completing Defendants' ESI production <u>well</u> in advance of the class certification briefing schedule set forth in Judge Liman's March 31, 2020 Order (ECF No. 83), and submit a proposed schedule for that production for the Court's approval. If the parties are unable to agree on a schedule, they may submit their competing proposals, without argument, for a ruling by the Court.

Accordingly, Plaintiffs' Motion is GRANTED IN PART insofar as Defendants are directed to answer Question 5 either by revising the Suriel Affidavit or submitting another affidavit from an appropriate Defendant. Plaintiffs' Motion is DENIED IN PART insofar as Defendants are not required to revise the Suriel Affidavit as to questions 1–4 and 6, and Defendants are not required to complete their ESI production by June 30, 2020. The parties are directed to meet and confer as to the schedule for completing Defendants' ESI production and to submit, by June 19, 2020, a proposed schedule, or their competing proposals, for the Court's review and approval.

The Clerk of Court is respectfully directed to close the Letter-Motion at ECF No. 107.

Dated: New York, New York
June 12, 2020

SO ORDERED

_____
SARAH L. CAVE
United States Magistrate Judge

6