UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOCAL 3621, EMS OFFICERS UNION, DC-37, AFSCME, AFL-CIO, et al.,

                Plaintiffs,

against

THE CITY OF NEW YORK, et al.,

                Defendants.

CIVIL ACTION NO.: 18 Civ. 4476 (LJL) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is Plaintiffs' letter motion seeking reconsideration of the Court's June 12, 2020 discovery order at ECF No. 110 (the "Discovery Order"). (ECF No. 111) (the "Motion"). The Court has considered Defendants' opposition (ECF No. 114), and the Plaintiffs' reply in further support of the Motion (ECF No. 116). For the reasons set forth below, the Motion is DENIED.

Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b) govern motions for reconsideration. Local Civil Rule 6.3 specifies timing, giving the moving party fourteen days after an entry of judgment to file a motion for reconsideration. Local Civ. R. 6.3. Rule 60(b) provides

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) affords "'extraordinary judicial relief'" that "can be granted 'only upon a showing of exceptional circumstances.'" Kubicek v. Westchester Cty., No. 08 Civ. 372 (ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986)).  The reconsideration standard "is strict," and reconsideration is generally only granted upon a showing of "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

A motion for reconsideration is not "an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).  It is not a way to "advance new facts, issues or arguments not previously presented to the Court." Polsby v. St. Martin's Press, Inc., No. 97 Civ. 960 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (internal citation omitted).  The "moving party bears the burden of proof." Freedom, N.Y., Inc. v. United States, 438 F. Supp. 2d 457, 462 (S.D.N.Y. 2006).

The decision to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" Premium Sports Inc. v. Connell, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009)).

In the Motion, Plaintiffs make the same arguments that have now been the subject of multiple conferences with the Court and three Court orders.  (ECF Nos. 87, 91, 95, 110).  Plaintiffs contend that Defendants have defied the Court's orders by providing "potential witnesses pursuant to Rule 26 who may have the relevant information, but not the 'John' and 'Jane' 'Does' needed to effectively proceed with the depositions[.]"  (ECF No. 111 at 2).  Plaintiffs insist that

the Defendants have not provided the names that the Court has ordered them to submit, despite the fact that on May 29, 2020, Defendants produced to Plaintiffs the Affidavit of Alvin Suriel, an Assistant Chief in the EMS Bureau of the FDNY (the "Suriel Affidavit"), which listed the names of witnesses who "possess personal knowledge" concerning the topics Plaintiffs requested. (ECF No. 107-1). Plaintiffs contend that these names are not the "Jane and John Does" they seek because Defendants stated in the Suriel Affidavit that they were also identifying the witnesses pursuant to Rule 26. However, Plaintiffs ignore the preceding portion of the paragraph, which states that the affidavit is made "pursuant to Federal Rule of Civil Procedure . . . 30(b)(6) and the Court's May 15, 2020 and May 19, 2020 Orders . . . to identify FRCP Rule 26 witnesses who possess personal knowledge concerning six areas of information as requested by Plaintiffs[.]" (ECF No. 107-1 at 1–2).

The Discovery Order found that on the face of the affidavit, Defendants had substantially complied with the Court's directives in producing the names of the witnesses at issue. (ECF No. 110 at 2). The Court found one deficiency concerning Defendants' answer to Question 5, which it ordered Defendants to correct. (Id.) Plaintiffs have submitted no information to support their interpretation of the Suriel Affidavit's deficiencies. The names contained in the Suriel Affidavit are the "Jane and John Does" sought by Plaintiffs in their Rule 30(b)(6) affidavit. Defendants produced these names not only pursuant to Rule 26, but explicitly pursuant to Rule 30(b)(6) and the Court's Orders on this issue. In the event that the depositions of the witnesses identified in the Suriel Affidavit reveal that they are not the Jane and John Does sought by Plaintiffs and ordered to be disclosed by this Court, Plaintiffs may raise that issue. Until then, the parties are

directed to continue with discovery in this case pursuant to the operative scheduling order. Accordingly, the Motion is DENIED.

The Clerk of Court is respectfully directed to close the Letter-Motion at ECF No. 111.

Dated:   New York, New York
         June 17, 2020                              SO ORDERED

                                                    _____
                                                    SARAH L. CAVE
                                                    United States Magistrate Judge