

THE
**KURLAND**
G R O U P

A T T O R N E Y S   A T   L A W

> Further briefing on this Letter-Motion
> to Compel is STAYED pending the
> discovery conference scheduled for
> August 19, 2020.  If necessary,
> additional briefing will be discussed
> at the conference.
>
> The Clerk of Court is respectfully
> directed to close the motion at ECF
> No. 148.
>
> SO ORDERED          8/14/2020

August 13, 2020

**VIA ECF**
The Honorable Sarah L. Cave, U.S.M.J.
United States District Court, Southern District of New York
500 Pearl Street, Room 702
New York, NY 10007

SARAH L. CAVE
United States Magistrate Judge

Re:     Local 3621, et al v. City of New York, et al; Index No. 18-cv-04476

Your Honor:

        We write to ask that the Court compel Defendants to act in good faith to finish the steps
necessary to finalize the ESI population so that Plaintiffs can receive discovery they are entitled to
in time to be relevant in this matter.

        In specific, we respectfully ask that the Court direct Defendants to run the search criteria
agreed to by parties with the ".gov" domains only, as requested and agreed to by parties, or in the
alternative direct Defendants to engage sufficient personnel to produce ESI discovery in sufficient
time for Plaintiffs to review and prepare for examination of witnesses by the September 30, 2020
deadline if Defendants insist on producing an unnecessarily larger data set.

        Plaintiffs will not waste the Court's time in detailing all of the misrepresentations made by
Defendants over these past two weeks that have made this process unnecessarily burdensome,
some of which are attached here as **Exhibit A**[1], or the exhaustive steps Plaintiffs have gone through

---

[1] Plaintiffs found out only yesterday that the 370,000 "documents" that Defendants were referring to were not the
number of emails, but rather the number of any documents including attachments despite Defendants having advised
Plaintiffs of the opposite prior to this.  Further, much of this week was spent correcting Defendants errors that
included misspelling search terms, running reports on the incorrect email fields, incorrectly entering search term
parameters, among other delays.

85 BROAD STREET
28th FLOOR
NEW YORK, NY 10004

P: 212 253 6911
F: 212 614 532

kurland@kurlandgroup.com
KURLANDGROUP.COM

New York | Washington, D.C.

to ensure the discovery production is narrowly tailored to the upcoming certification and can easily be produced, except to say that when Defendants realized today that the plan Plaintiffs had outlined and implemented over the past two weeks would result in an ESI population that would be manageable and able to be produced within the time constraints, Defendants suddenly shifted gears, claiming they would not remove unnecessary domains, the final step in the process. This is especially bad faith given Defendants repeated agreement to do so. Attached here as **Exhibit B** please see numerous emails in which parties make clear they will, as the final step reduce the domains by running the search only ".gov" domains. As recently as yesterday the undersigned wrote to Defendants' counsel to state "As I understand for tonight you will send the revised hit lists per below, but will send the final adjusted hit list removing the non .gov emails tomorrow morning." After a back and forth of the version of the search terms Defendants' counsel responds "Confirmed." [**Exhibit B**]. Yet now, when it becomes obvious that removing the extraneous domains parties had agreed to remove would be effective in creating a manageable data set Defendants suddenly refuse to do so claiming it would take too much time.

The claim that reducing the search to just ".gov" domains would take too long as claimed by Defendants' counsel is objectively pretextual. First, Defendants were able to return earlier and more complex domain reductions within 24 hours. Also, Defendants advised it would instead take a more time-consuming route of devising and removing only a custom list of domains. Attached here as **Exhibit C**, please see the email from Anthony DiSenso. In other words, to simply run a search on ".gov" domains would take too long. But to customize a blended group of domains in which Plaintiffs would need to go through the population and remove from the search only "e.shrm.org", "email.oldnavy", "gmail", "gmail.co", "gmail.coom", "ipma-hr.org", "kc.shrm.org", "shrm.org", "shrm.org"e.shrm.org", "survey.shrm.org", "videoverite.tv", "videoverite.tv" and "zoom.us" (all domains that would not in any way meaningful decrease the population), would somehow not take too long.[2]

This sudden about face is a thinly veiled attempt to simply be able to assert that Defendants now need not comply with the Court's order to produce these documents timely citing the size of the ESI production. In fact, Defendants have already indicated they do not intend to follow the Court's orders to produce this information by September 30, 2020, even submitting this claim to Your Honor in their letter to the Court dated August 11, 2020 attached here as **Exhibit D**.

Moreover, Defendants cannot determine Plaintiffs discovery demands by simply imposing their own search criteria with the dubious claim it would be better for Plaintiffs. *See Zublake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004) (a party cannot purposefully interfere with discovery efforts).

---

[2] Defendants of course don't explain why the majority of domains like list.vacationstogo.com, hotmail.com, private law firms like cfk-law.com, dereksmithlaw.com, dobson-law.com and tullylegal.com as well as nydailynews.com, kickback.money, greatertalent.com, executiveboard.com, id.me, webex.com, sp-40.com, mintz.com, law.gwu.edu, mcarasoft.com, fedbarlive.org, eventsthomspon.com, clearlaws.com, cheznousbistro.com, dicksteinshapiro.com, cityandstate.com, yahoo.comMaurice, and thousands others that add up to tens of thousands of emails, should stay in the search criteria.

Finally, Defendants have simply ignored the Court's directive that "document processing, review and workflow can be implemented over the next two weeks" as we are only hearing of this sudden change this evening.  They have done this in stunning bad faith.

Plaintiffs respectfully ask that this Court compel Defendants to run the final search criteria as agreed for ".gov" domains only and to return a hit list that includes the total emails, total documents with hits and total documents with families to finalize the ESI population in the immediate and no later than tomorrow.  In the alternative, Plaintiffs respectfully ask that the Court direct Defendants to retain sufficient personnel to review this unnecessarily larger data set that will result in Defendants reneging on their agreement to use only ".gov" domains.   Furthermore, Plaintiffs respectfully ask that this Court sanction Defendants for contempt of the Court's June 30, 2020 order [Doc. No. 126] if they attempt to use this as a pretext to delay production of ESI discovery until a time after which Plaintiffs can use the discovery in a meaningful way.[3]  Plaintiffs further retain all rights to move to limit Defendants ability to oppose their motion for certification and/or for the Court to draw negative inferences if they fail to produce this discovery timely.


Respectfully Submitted,


_____/s/_____
Yetta G. Kurland

---

[3] Courts will impose discovery sanctions where noncompliance is due to willfulness, bad faith, fault, or gross negligence, rather than inability to comply or mere oversight.  *See Karsch v. Blink Health Ltd.*, 2019 WL 2708125 (S.D.N.Y. June 20, 2019) (monetary sanctions imposed on an uncooperative party and its attorneys for not producing documents and information that should have been produced many months earlier); *see also Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, 2010 WL 3173785 (E.D.N.Y. Aug. 11, 2010) citing *Phoenix Four, Inc. v. Strategic Res. Corp.*, 2006 WL 1409413 (S.D.N.Y. May 23, 2006) (sanctions may be appropriate when parties and/or their counsel fail to conduct proper ESI searches).