

August 24, 2020

> The Court is in receipt of Plaintiff's Letter-Motion to Compel at ECF No. 152. The Defendants are not required to enter a written response at this time but should be prepared to discuss at the telephone conference currently scheduled for September 1, 2020.
>
> SO ORDERED          8/25/2020
>
> SARAH L. CAVE
> United States Magistrate Judge

**VIA ECF**
The Honorable Sarah L. Cave, U.S.M.J.
United States District Court, Southern District of New York
500 Pearl Street, Room 702
New York, NY 10007

**Re:   Local 3621, et al v. City of New York, et al; Index No. 18-cv-04476**

Your Honor:

We write pursuant to the Court's August 19, 2020 Order [Doc. No. 151] to move to compel Defendants to produce a witness to testify on Defendants' behalf pursuant to FRCP 30(b)(6) for the limited purpose of discovery regarding class certification pursuant to Plaintiffs' August 19, 2020 Notice of Deposition (**Exhibit A**).[1]

Defendants' obligation to produce this witness is unquestionable. Defendants have "an affirmative duty to make available 'such number of persons as will' be able 'to give complete, knowledgeable and binding answers' on its behalf. Defendants offer no reasonable basis for their refusal to so produce leaving themselves open to preclusion of evidence and even sanctions.[2]

Rather than objecting to specific areas of expertise in Plaintiffs' 30(b)(6) notice, Defendants have simply asserted a blanket exemption from producing a 30(b)(6) witness. In an effort to identify and resolve any appropriate objections, we asked Defendants' counsel on August

---

[1] Plaintiffs are not seeking Court assistance at this time regarding outstanding scheduling for Defendants' Rule 26 witnesses which Plaintiffs have been endeavoring since April of 2020 to schedule, in the hopes Defendants will confirm final dates within the next day.
Defendants did not produce James Booth today as noticed, and have failed to confirm they will produce David Ogula noticed for August 27, 2020. Plaintiffs first gave Defendants until Friday August 21, 2020 to confirm these dates or provide alternative dates, then until today and most recently by end of day tomorrow after which if Defendants still refuse to confirm the noticed dates or provide alternative dates more convenient for Defendants, Plaintiffs have advised they will have no choice but to move to compel these witnesses production as noticed.

[2] When a party fails to comply with Rule 30(b)(6), Rule 37 allows courts to impose various sanctions, including the preclusion of evidence." Reilly v. Natwest Markets Grp. Inc., 181 F.3d 253, 268 (2d Cir. 1999) (quoting Securities & Exchange Comm'n v. Morelli, 143 F.R.D. 42, 45 (S.D.N.Y.1992)); see also Moore's Federal Practice at ¶ 30.25; Fed.R.Civ.P. 37(b)(2)(B).

85 BROAD STREET
28th FLOOR
NEW YORK, NY 10004

P: 212 253 6911
F: 212 614 2532

kurland@kurlandgroup.com
KURLANDGROUP.COM

New York | Washington, D.C.

19, 2020 if they could provide us with "any adjustments of this Rule 30(b)(6) notice that [they] would accept to avoid the need for this additional motion practice" or to "explain the basis for [their] objection." Defendants refused to do so and instead referred to their July 21, 2020 letter, in which they offer the following three objections, none of which provide a proper basis to avoid production of a 30(b)(6) witness;

1. "The breadth of Plaintiffs' request is inconsistent with the Court's March 11, 2020 Order;"
2. They are exempt from this obligation because "there is no one person currently or formerly employed by the FDNY or DCAS who possesses the knowledge that Plaintiffs seek," and
3. Conflating Rule 26 witnesses with Rule 30(b)(6) witnesses stating that "Defendants have already provided Plaintiffs with a list of individuals who have personal knowledge of the information they seek" (Rule 26 witnesses) and therefore need not also provide a 30(b)(6) witness.

First, Defendants mischaracterize this Court's March 11, 2020 Order [Doc. No. 79] by arguing that Plaintiffs' notice is beyond its scope and incorrectly asserting that this 30(b)(6) deposition should only be regarding "information relevant to the discrimination Mascol and Rodriguez allege with respect to themselves." However, this Order did not limit "the scope of pre-certification discovery to 'information relevant to the discrimination Mascol and Rodriguez allege with respect to themselves,'" as Defendants allege. Instead, this was the temporary limitation the Court imposed "on merits discovery while the class certification motion is pending." Moreover, such a scope would unnecessarily limit the ability for Plaintiffs to gather relevant information for their certification motion and preclude necessary fact discovery. As such, Defendants' objection to the scope of Plaintiffs' 30(b)(6) Notice is inapposite.

Second, Defendants' objection to the fact that they may be required to produce more than one 30(b)(6) witness is simply not a proper basis to avoid its obligation to produce the necessary 30(b)(6) witness(es). Defendants are clearly obligated under FRCP 30(b)(6) to "designate <u>one or more</u> officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." FRCP 30(b)(6) (emphasis added). "[U]nder Rule 30(b)(6), the deponent 'must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed ... as to the relevant subject matters.'" S.E.C. v. Morelli, 143 F.R.D. 42, 45 (S.D.N.Y. 1992) (citations omitted). The undersigned has regularly witnessed the City of New York producing more than one 30(b)(6) witness in the normal course of litigation and to the extent that is required here that is simply not a basis to avoid production of a witness for the Defendants, as Defendants are well aware.

Third, Defendants' objection to producing a 30(b)(6) witness because they have also identified the names of FRCP 26 witnesses is simply not logical and conflates Rule 26 fact witnesses who possess factual information, with Rule 30(b)(6) witnesses who are charged with speaking on behalf of Defendants because the Defendants are non-persons who cannot be examined themselves. Fact witnesses and representatives of Defendants serve different functions

and their responses have different evidentiary meaning pursuant to the Federal Rules. Thus, their independent designations under Rule 26 and Rule 30(b)(6) respectively. The testimony of Rule 26 witnesses is different than that of Rule 30(b)(6), even if answering the same question. For example, a Rule 26 witness saying they do not know or cannot remember what the promotional policies are is permissible, however this is not permissible under Rule 30(b)(6). *See* Soroof Trading Dev. Co., Ltd. v. GE Fuel Cell Sys., LLC, 2013 WL 1286078 at *4 (Mar. 28, 2013) *(citing* Krasney v. Nationwide Mutual Insurance Co., 2007 WL 4365677, at *2 (D.Conn. Dec. 11, 2007) ("The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of the corporation, not of the individual deponents.")). Also, a Rule 26 witness can have an opinion that is aligned or not aligned with Defendants while a Rule 30(b)6 witness directly speaks for and on behalf of Defendants. *See* Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc., 2002 WL 1835439, at *3 (S.D.N.Y. Aug. 8, 2002) ("The Rule 30(b)(6) designee does not give his personal opinions. Rather, he presents the corporation's 'position' on the topic.").

Therefore, while it may be possible that the Rule 26 witnesses Defendants intend to produce may also be able to answer the same questions Plaintiffs intend to ask Defendants' Rule 30(b)(6) witness, these witnesses serve different roles and their answers have different meaning and import. Of course, as we have reminded Defendants' counsel, Defendants may designate any of their Rule 26 witnesses to also act as 30(b)(6) witnesses on certain topics. *See* Falchenberg v. New York State Dep't of Ed., 642 F. Supp.2d 156, 164 (S.D.N.Y. 2008) ("Questions and answers exceeding the scope of the 30(b)(6) notice... are merely treated as the answers of the individual deponent."), aff'd 338 Fed.Appx. 11 (2d Cir. 2009). We have offered if Defendants wish to have any of their Rule 26 witnesses also act as Rule 30(b)(6) witnesses, they need only so designate these witnesses and the areas of knowledge each will be authorized to testify to on Defendants' behalf. Defendants have declined to do so.

Defendants, who are non-persons, must produce a witness who can speak on Defendants' behalf. Rule 26 witnesses simply do not serve this function. As such, Plaintiffs respectfully request that this Court direct Defendants to identify the witness(es) who will appear to provide testimony on Defendants' behalf pursuant to FRCP 30(b)(6) regarding the topics outlined in Plaintiffs' Notice of 30(b)(6) Deposition (**Exhibit A**) and produce this individual or individuals on the date properly noticed of September 9, 2020 at 10:00am.

Respectfully Submitted,

/s/
Yetta G. Kurland