UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOCAL 3621, EMS OFFICERS UNION, DC-37, AFSCME, AFL-CIO, et al.,

                Plaintiffs,

against

THE CITY OF NEW YORK, et al.,

                Defendants.

CIVIL ACTION NO.: 18 Civ. 4476 (LJL) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

Plaintiffs, a union and two employees of the New York City Fire Department ("FDNY") bring this putative class action against the City of New York, the FDNY, the Department of Citywide Administrative Services, and several John and Jane Does, alleging that employees in the FDNY's Emergency Medical Services Bureau ("EMS") who seek promotions above the rank of lieutenant are subject to disparate treatment and disparate impact based on impermissible considerations. Plaintiffs assert claims under 42 U.S.C. §§ 1981 and 1983, and the New York State and New York City Human Rights Laws. (ECF Nos. 1 ¶¶ 1, 4; 26 at 2–3).

Before the Court is Plaintiffs' Motion to Quash Defendants' subpoena addressed to non-party SeniorCare EMS ("SeniorCare") dated October 15, 2020 (the "Subpoena"), an employer of named Plaintiff Luis Rodriguez (the "Motion"). (ECF No. 201). Defendants argue that the Subpoena, which seeks all employment records for Rodriguez from January 1, 2012 to the present, is appropriate because the records are relevant to Rodriguez's claim of disability discrimination and relevant to whether he abused leave policies while working for the FDNY. (ECF

No. 210 at 1). Plaintiffs contend that the Subpoena is not appropriate, and that Rodriguez would be prejudiced by Defendants receiving the "highly personal" information the Subpoena seeks. (ECF No. 222).

For the reasons set forth below, the Motion is GRANTED.

## II. BACKGROUND

The Court assumes familiarity with the facts, a summary of which is set out more fully in the Court's order at ECF No. 79.

Rodriguez is a Puerto-Rican man who has been employed by EMS since 1998 and has served as a lieutenant since 2010. (ECF No. 26 at 4). In the line of duty at EMS, he has suffered several injuries necessitating that he take medical Line of Duty Injury leave ("LODI Leave"). (Id. at 4–5). Rodriguez alleges that his commanding officers told him that his taking LODI Leave would negatively impact his chance of a promotion at EMS. (Id. at 5). Despite having received "very good" performance evaluations, at the time the Complaint was filed, Rodriguez's three applications for promotion since 2015 had been unsuccessful. (Id.) Since 2006, Rodriguez has been employed by both the FDNY and SeniorCare, working a full-time schedule at the FDNY, while at the same time working at SeniorCare. (ECF No. 210 at 1; ECF No. 210-5).

On October 23, 2020, Defendants notified Plaintiffs that they were serving the Subpoena. (ECF No. 201-3 at 2). On October 31, 2020 Plaintiffs filed the Motion. (ECF No. 201). Defendants objected on November 6, 2020 (ECF No. 210) and on November 13, 2020 Plaintiffs submitted a reply in further support of the Motion (ECF No. 222).

The Subpoena seeks:

> [T]he entire employment records including but not be limited to, all applications, time and attendance records, salary history, benefit statements,

2

evaluations, correspondence, and any disciplinary action concerning Mr. Luis Rodriguez, D.O.B 09/30/1973, last (4) of SSN [--------], for the period 01/01/2012 to current date.

(ECF No. 210-1).

### III.  DISCUSSION

#### A.  Legal Standard for Motions to Quash

A subpoena issued pursuant to Federal Rule of Civil Procedure 45 must meet an "overriding relevance requirement" and may be quashed by this Court for failure to do so. Ireh v. Nassau Univ. Med. Ctr., No. 06 Civ. 09, 2008 WL 4283344, at *5 (E.D.N.Y. Sept. 17, 2008), aff'd, 371 F. App'x 180 (2d Cir. 2010); see Peddy v. L'Oreal USA Inc., No. 18 Civ. 7499, 2019 WL 3926984, at *2 (S.D.N.Y. Aug. 20, 2019). Rule 26(b)(1) provides that "any nonprivileged information that is relevant to any party's claims or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

"Evidence that is irrelevant or may result in undue prejudice is outside the scope of discovery." Rosas v. Alice's Tea Cup, LLC, 127 F. Supp. 3d 4, 8 (S.D.N.Y. 2015). "Ultimately, the appropriateness of protective relief from discovery depends upon a balancing of the litigation needs of the discovering party and any countervailing protectible interests of the party from whom discovery is sought." Peddy, 2019 WL 3926984, at *2 (internal citations omitted).

#### B.  Application

Plaintiffs ask the Court to quash the Subpoena because (1) it "requires disclosure of . . . protected matter" in violation of Federal Rule of Civil Procedure 45(d)(3); (2) its demand for all

3

of Rodriguez's employment record is "overbroad and impermissible;" and (3) the requested information "is not relevant to either party's claims or defenses[.]" (ECF No. 201 at 1–2). Plaintiffs also allege that the Subpoena is part of Defendants' "efforts to intimidate, harass, and retaliate against Plaintiffs for litigating this action." (Id. at 2).

Defendants explain that they seek the records at issue in the Subpoena "to see if [Rodriguez] also took time off from SeniorCare, whether he complained of the same disabling injuries to SeniorCare, and/or whether he was working at SeniorCare EMS on the dates when he claimed that he was too disabled or too sick to work at the FDNY." (ECF No. 210 at 1). They argue that the documents are relevant to (1) Rodriguez's prima facie claim of disability discrimination, and (2) whether Rodriguez abused FDNY time and leave policies. (Id.)

Plaintiffs respond that Rodriguez has "never attempted to prove that he is disabled" and thus the allegation that these documents will go to his prima facie case of disability discrimination is irrelevant. (ECF No. 222 at 2). Plaintiffs also note that it is common for FDNY employees to hold multiple jobs. (Id.)

1. **The Subpoena seeks records that are not relevant.**

Defendants contend that the Subpoena seeks records relevant to establish Rodriguez's prima facie claim of discrimination under the ADA and the human rights laws, and that to "maintain his claims under the ADA, Rodriguez must first establish that he was disabled within the meaning of the statute[.]" (ECF No. 210 at 2). Defendants continue that it is unclear whether the injury that necessitated Rodriguez's LODI Leave, a wrist fracture, "br[ought] him within the scope of the ADA or the NYCHRL." (Id.) Rodriguez, however, does not allege that he was disabled, but rather that he was discriminated against by virtue of needing to take LODI Leave. (See ECF

4

No. 1). What <u>necessitated</u> the LODI Leave and whether such leave was properly given is not at issue — the City does not dispute that Rodriguez took LODI Leave. The question in this action is whether taking LODI Leave negatively impacted Rodriguez's promotion prospects. (ECF No. 1 ¶¶ 60–66). Thus, Defendants' argument that "these records may contain information relevant to the issues of whether Rodriguez was disabled under the anti-discrimination laws" is not persuasive. (ECF No. 210 at 3).

Defendants also contend that the records are relevant because "they may reveal that Rodriguez abused FDNY's leave policy and/or misrepresented the extent of his injury." (ECF No. 210 at 3). In support of this position, Defendants cite <u>O'Reilly v. ConEd of New York</u>, 374 F. Supp. 2d 278 (E.D.N.Y. 2005), as a basis to allow the Subpoena because, like in <u>O'Reilly</u>, "Plaintiff's record of employment at SeniorCare — during the same period that he received LODI medical leave and called in on multiple sick days — may reveal that Rodriguez abused FDNY's leave policy by misrepresenting his injury and illnesses." (<u>Id.</u>) In <u>O'Reilly</u>, however, defendant was not seeking evidence of plaintiff's misrepresentation of her need for sick leave <u>after</u> she was terminated, as Defendants are seeking here. (ECF No. 210 at 2 ("[f]ollowing [Rodriguez's testimony at [his] deposition, [Defendants] now know that while Rodriguez was out on LODI . . . he was also employed at SeniorCare"). Rather, in <u>O'Reilly</u>, plaintiff's misrepresentation of her need for medical leave was the <u>impetus</u> for her termination, and that termination was the basis of the discrimination suit. <u>See</u> <u>O'Reilly</u>, 374 F. Supp. 2d at 284–85. Thus, this argument too, is unpersuasive.

Defendants do not allege that the SeniorCare records support any of their defenses, and the arguments as to the relevancy of the documents are unpersuasive. As Plaintiffs note, "[t]he

5

relevant question in this matter is not why Plaintiff needed an accommodation, but instead, what happened next — was he improperly penalized and prevented from being promoted simply because he took the time off, not whether or not he was entitled to take the time." (ECF No. 222 at 1). See Dowling v. New York-Presbyterian/Weill Cornell Med. Ctr., No. 19 Civ. 2114 (LJL), 2020 WL 1243780, at *3 (S.D.N.Y. Mar. 16, 2020) (quashing subpoena to Plaintiff's non-party former employer seeking all employment records where "Defendants did not assert at the time of Plaintiff's employment termination that Plaintiff had mislead Defendants in her report of her prior employment.").

In fact, Defendants have not established that the records would bear at all on the allegations that Rodriguez was denied promotions due in part to taking LODI Leave, particularly given that the FDNY did not know Rodriguez was working for SeniorCare when he was allegedly denied promotions.  See Dowling, 2020 WL 1243780, at *3; Guercia v. Equinox Holdings, Inc., No. 11 Civ. 6775, 2013 WL 2156496, at *4 (S.D.N.Y. May 20, 2013) ("When [Defendant] made the decisions challenged in this lawsuit, it must have done so on the basis of information it actually possessed.").  Defendants have not alleged that it was impermissible for FDNY employees to hold two jobs, nor that Rodriguez mislead anyone about his employment with SeniorCare.  Thus, Defendants have not demonstrated that the Subpoena seeks relevant information, and it should be quashed.  Rosas, 127 F. Supp. 3d at 8.

## IV. CONCLUSION

For the reasons set forth above, the Motion is GRANTED.  The Clerk of Court is respectfully directed to close the Motion at ECF No. 201.

Dated:     New York, New York
           November 17, 2020                        SO ORDERED

                                                    _____
                                                    SARAH L. CAVE
                                                    United States Magistrate Judge