UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOCAL 3621, EMS OFFICERS UNION, DC-37, AFSCME, AFL-CIO, et al.,

                Plaintiffs,

-v-

THE CITY OF NEW YORK, et al.,

                Defendants.

CIVIL ACTION NO.: 18 Civ. 4476 (LJL) (SLC)

**DISCOVERY ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

Plaintiffs, a union (Local 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO ("Local 3621")) and two employees of the New York City Fire Department ("FDNY") bring this putative class action against the City of New York (the "City"), the FDNY, the Department of Citywide Administrative Services ("DCAS"), and several John and Jane Does (collectively, "Defendants"), alleging that employees in the FDNY's Emergency Medical Services Bureau ("EMS") who seek promotions above the rank of lieutenant are subject to disparate treatment and disparate impact based on impermissible considerations. Plaintiffs assert claims under 42 U.S.C. §§ 1981 and 1983, and the New York State and New York City Human Rights Laws. (ECF Nos. 1 ¶¶ 1, 4; 26 at 2–3).

Before the Court are Defendants' Motion to Compel the testimony of Vincent Variale, President of Local 3621,[1] on four topics and the production of related documents (ECF No. 241) ("Defendants' Motion"), and Plaintiffs' Opposition and Cross-Motion for a Protective Order (ECF

---

[1] The parties label Variale as "Plaintiff," (see ECF Nos. 241 at 1; 242 at 1; 250 at 1), but he is not a named plaintiff in this action (see ECF No. 1), nor has a class of which he may be a member yet been certified, so the Court deems it improper at this time to refer to him as a "Plaintiff."

No. 242) ("Plaintiffs' Cross-Motion").  Defendants' Motion and Plaintiffs' Cross-Motion raise the questions of (1) the existence and applicability of a "Labor Union Leader Privilege" as to Variale's testimony, and (2) the relevance and discoverability of Plaintiff Renae Mascol's prior disciplinary history at EMS.

For the reasons set forth below, Defendants' Motion is GRANTED IN PART, and Plaintiffs' Cross-Motion is DENIED.

## II.    BACKGROUND

The Court assumes familiarity with the facts, a summary of which is set out more fully in the Court's Order at ECF No. 79.

Variale was deposed on September 23, 2020.  (ECF No. 252 at 64).  The following four topics (the "Topics") arose during Variale's deposition and are now the subject of Defendants' Motion:

1. "The identity of the veteran, who was 'told they took too much time off, and that was why they weren't going to be promoted[.]'"

2. "The identity of the two other black male lieutenants that 'were trying to obtain an interview because they had investigation [sic] going on with BITS[.]'"

3. "The name of the 'close friend' of Barbara Aziz who told [] Variale that Barbara Aziz was going to be promoted, before the decision regarding promotions was released[.]"

4. The identity of "the three members who told [] Variale that Barbara Aziz knew prior to the promotional process that she was going to be promoted[.]"

(ECF No. 241 at 1–2).  When the Topics came up during his deposition, Plaintiffs' counsel objected and directed Variale not to answer, asserting that a "Labor Union Leader Privilege" prevented

disclosure of the requested information. (Id. at 2). Plaintiffs also withheld three emails, dated November 29, 2018 and January 15, 2019 (the "Emails"), also on the ground that they were protected by the union privilege. (Id.)

On November 18, 2020, Defendants' counsel sent an email to Plaintiffs' counsel requesting Variale's testimony on the Topics and production of the Emails. (ECF No. 240 at 2; see ECF No. 241-1). Plaintiffs' counsel construed the email as a supplemental discovery request and declined to respond substantively on the ground that the request did not comply with the Federal Rules of Civil Procedure. (ECF No. 241 at 2).

On November 25, 2020, Defendants filed the Motion, seeking Variale's testimony on the Topics and production of the Emails. (ECF No. 241). On November 30, 2020, Plaintiffs filed the Cross-Motion, asserting the Labor Union Leader Privilege against Variale's further testimony and asking the Court to prevent "Defendants from accessing, putting on the record, and/or utilizing Plaintiff Renae Mascol's prior disciplinary history not related to this action." (ECF No. 242). On December 3, 2020, Defendants filed a reply in further support of their Motion, arguing that the Labor Union Leader Privilege does not exist, and arguing that Mascol's disciplinary history is relevant and subject to disclosure. (ECF No. 247). On December 4, 2020, Plaintiffs filed a reply in further support of their Cross-Motion, in which they represent that they have now redacted identifying names from and produced the Emails, reiterate the applicability of the Labor Union Leader Privilege, and dispute the relevance and propriety of any disclosure about Mascol's disciplinary history. (ECF No. 250).

At Plaintiffs' request, the Court placed Defendants' Reply (ECF No. 247) under seal (ECF No. 248), a designation that Defendants contest (ECF No. 251) and as to which Plaintiffs intend

to file a further reply (ECF No. 254), and the Court intends to address the sealing issue by separate order. In deciding the Motion and the Cross-Motion, the Court declines to consider the additional arguments the parties raised in these letters regarding sealing.

### III.  DISCUSSION

#### A.  Legal Standards

##### 1. Relevance

Federal Rule of Civil Procedure 26(b)(1) permits discovery of "any nonprivileged information that is relevant to any party's claims or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Evidence that is irrelevant or may result in undue prejudice is outside the scope of discovery." Rosas v. Alice's Tea Cup, LLC, 127 F. Supp. 3d 4, 8 (S.D.N.Y. 2015).

##### 2. Motion to Compel

"The party moving to compel bears the initial burden of demonstrating relevance and proportionality." Winfield v. City of New York, No. 15 Civ 05236 (LTS) (KHP), 2018 WL 840085, at *3 (S.D.N.Y. Feb. 12, 2018). Once the moving party shows that the information sought has an "adequate factual basis . . . the burden falls on the responding party to justify curtailing discovery." Id. at *4. "'In order to justify withholding relevant information, the party resisting discovery must show 'good cause,' the standard for issuance of a protective order under Rule 26(c).'" Id. (quoting Johnson v. J. Walter Thompson U.S.A., LLC, No. 16 Civ. 1805 (JPO) (JCF), 2017

4

WL 3055098, at *3 (S.D.N.Y. July 18, 2017)). Motions to compel discovery are "entrusted to the sound discretion of the court." Howard v. City of New York, No. 12 Civ. 933 (JMF), 2013 WL 174210, at *1 (S.D.N.Y. Jan. 16, 2013) (internal citation omitted).

### 3. Motion for Protective Order

Under Federal Rule of Civil Procedure 26(c), "[a] party . . . may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). This rule "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984). "The burden of showing good cause for the issuance of a protective order falls on the party seeking the order." Rep. of Turkey v. Christie's Inc., 312 F. Supp. 3d 385, 388 (S.D.N.Y. 2018) (citing Brown v. Astoria Fed. Sav. & Loan Ass'n, 444 F. App'x 504, 505 (2d Cir. 2011). Good cause under Rule 26(c) requires "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Jerolimo v. Physicians for Women, P.C., 238 F.R.D. 354, 356 (D. Conn. 2006) (internal citations omitted). "Ultimately, the appropriateness of protective relief from discovery depends upon a balancing of the litigation needs of the discovering party and any countervailing protectible interests of the party from whom discovery is sought." Peddy v. L'Oreal USA Inc., No. 18 Civ. 7499 (RA) (JLC), 2019 WL 3926984, at *2 (S.D.N.Y. Aug. 20, 2019) (internal citations omitted); see Winfield, 2018 WL 840085, at *4 (explaining that "'the court ultimately weighs the interests of both sides in

5

fashioning an order'") (quoting Duling v. Gristede's Operating Corp., 266 F.R.D. 66, 71 (S.D.N.Y. 2010)).

B.  Application

1. **Defendants' Motion**

Defendants argue that the Topics are "unmistakably non-privileged" and "are germane to this litigation" because they involve conversations about the experiences of Plaintiff Local 3621's members in the EMS Bureau, the promotional processes in the EMS Bureau, and what the members "believe to be the alleged discriminatory hiring practices of the EMS Bureau." (ECF No. 241 at 2–3). Defendants point out that "Variale, as President of Local 3621, is responsible for negotiating, enforcing, and administering the terms and conditions of employment for the putative class," such that his communications "with their collective bargaining representative concerning their terms and conditions of employment" are "indisputably relevant." (Id. at 3). Defendants argue that the Second Circuit has not recognized a "Labor Union Leader Privilege," that there is no basis to do so here, and that even if such a privilege was available, Plaintiffs have waived that privilege here by putting the issue of Barbara Aziz's promotion at issue. (Id. at 1–2; ECF No. 247 at 2–3). Finally, Defendants point out that Topic 2 only seeks the identity of the individuals with whom Variale spoke, not the substance of their communications, such that even if the Labor Union Leader Privilege applied, it would not prevent disclosure of the individuals' identity. (ECF No. 247 at 3).

Plaintiffs first object to Defendants' request to reopen Variale's deposition to address the Topics and for production of the Emails as improperly served because Defendants made the request in an email on November 18, 2020. (ECF No. 242 at 3 n.2). Plaintiffs' second objection

is that the Labor Union Leader Privilege applies to the Topics. (Id. at 2). Plaintiffs' third objection is that the information Defendants are seeking is not relevant, arguing that disclosing the identities of the union members to whom Variale spoke "will serve no legitimate purpose, and will only prejudice those members and expose them to potential retaliation." (Id. at 3–4; ECF No. 250 at 2). Plaintiffs also note that Defendants have other means to obtain the information, such as by asking Barbara Aziz — not Variale — to identify the person who told her she could expect to be promoted or review their own document production. (ECF No. 250 at 2).

Taking Plaintiffs' objections in turn, the Court first finds that the format of Defendants' request for Variale's testimony about the Topics was not improper. Variale had already been deposed, had given partial testimony about the Topics, and had been precluded by Plaintiffs' counsel from fully answering Defendants' counsel's questions. Defendants' counsel, by her email, sought to meet and confer about the disputed questions and answers; this was not an entirely new subject matter that would have necessitated a new formal discovery request. (ECF No. 241-1 (email seeking to meet and confer regarding the Topics and Emails)). Pursuant to the undersigned's Individual Practices, the parties must meet and confer about a discovery dispute — which this is — before raising it with the Court in writing as Defendants have now done. See § II.C.1, Individual Practices of Sarah L. Cave, U.S. Mag. J., available at www.nysd.uscourts.gov/hon-Sarah-l-Cave. Accordingly, Plaintiffs' objection as to the format of Defendants' request for further information about the Topics is not a basis on which to deny Defendants' Motion.

Second, the Court finds that to the extent a Labor Union Leader Privilege exists, it is inapplicable to Variale's testimony about the Topics. Plaintiffs do "not point to any Second Circuit

7

case law that recognizes" a Labor Union Leader Privilege, nor is the Court aware of any. Hernandez v. Office of the Comm'r of Baseball, 331 F.R.D. 474, 477 (S.D.N.Y. 2019); see In re Grand Jury Subpoenas Dated Jan. 20, 1998, 995 F. Supp. 332, 334 (E.D.N.Y. 1998) ("declin[ing] to recognize a common law privilege shielding conversations between union officials and members on matters of union concern"). As another Magistrate Judge recently noted, "[t]he only federal cases that recognize any form of union-related privilege, both arising outside this Circuit, relate only to communications between union members and unions representatives which occurred during the course of disciplinary proceedings." Hernandez, 331 F.R.D. at 477 (citing U.S. Dep't of Justice v. Fed. Labor Relations Auth., 39 F.3d 361 (D.C. Cir. 1994) & Bell v. Vill. of Streamwood, 806 F. Supp. 2d 1052 (N.D. Ill. 2011)). In both cases, the touchstone for recognizing a privilege between a union representative and a union member was that the communication was made in relation to "anticipated or ongoing disciplinary proceedings." Bell, 806 F. Supp. 2d at 1056; see U.S. Dep't of Justice, 39 F.3d at 369 (recognizing privilege protecting "'the content or substance of statements made by an employee to [his] Union representative in the course of representing the employee in a disciplinary proceeding'") (quoting U.S. Dep't of Treasury Customs Servs., Washington, D.C., 38 F.L.R.A. 1300, 1308 (1991)). The same is true with respect to Matter of Seelig v. Shepard, 152 Misc. 2d 699 (N.Y. Sup. Ct. 1991), on which Plaintiffs rely (ECF No. 242 at 3–4) but is not binding Second Circuit precedent, where the communications related to an investigation into an incident involving corrections officers on Rikers' Island. 152 Misc. 2d at 702. Notably, the Court in Seelig ordered that the deposition of the union representative proceed and encouraged the parties to "resolve[] informally" any objections to specific questions. Id. at 703.

Here, there is no allegation that Variale, or any of the individuals referenced in the Topics, were involved in or anticipating disciplinary proceedings. Therefore, even if courts in this Circuit recognized a protection applicable to "communications made in the context of representation by a union representative during disciplinary proceedings," those circumstances are not present here, and the Labor Union Leader Privilege does not preclude Variale's testimony on the Topics. Hernandez, 331 F.R.D. at 478.

Finally, the Court finds that Defendants have shown that they are seeking information about the Topics not for purposes of retaliation or harassment but because the information is relevant to the issue of the validity of "any of the complaints of alleged discriminatory promotional practices by Local 3621 members to Variale." (ECF No. 247 at 2). Absent disclosure of the identities of the speakers in the Topics, Defendants do not have sufficient information to evaluate these claims and whether they support or undermine any of Plaintiffs' claims. Furthermore, Plaintiffs have brought this litigation as a putative class, of which the union members who spoke to Variale are also members, such that their experiences in the EMS promotional process are relevant to the claims and defenses in this action. Finally, given that "[d]iscovery of absent class members is rarely permitted," Defendants will not be allowed to use the information they may obtain by questioning Variale about the Topics to open the door later to discovery requests directed to the individuals themselves, such that Plaintiffs' concern about harassment is mitigated, if not eliminated. Stinson v. City of N.Y., No. 10 Civ. 4228 (RWS), 2015 WL 8675360, at *1 (S.D.N.Y. Dec. 11, 2015).

Accordingly, because the Court finds that Defendants have shown an adequate factual basis for Variale to testify about the Topics, and Plaintiffs have not shown good cause for

withholding Variale's testimony, Defendants' Motion is granted in part, to the extent that Defendants may depose Variale on the Topics for no longer than one (1) hour.

### 2. Plaintiffs' Cross-Motion

Plaintiffs' Cross-Motion seeks a protective order preventing disclosure of records or testimony concerning Plaintiff Renae Mascol's disciplinary history at EMS, arguing that this subject is irrelevant, prejudicial, and evidences Defendants' efforts to harass Plaintiffs and other EMS employees. (ECF No. 242 at 4–5). Plaintiffs rely on the Court's order quashing the subpoena to Plaintiff Rodriguez's outside employer as support for their argument that Mascol's disciplinary history at EMS is not relevant. (ECF No. 228 (the "November 17 Order")). To the extent that Defendants sought to elicit testimony from Chief Booth at his November 23, 2020 deposition about his recollection of Mascol's disciplinary history, Plaintiffs also object on the grounds of relevance and prejudice. (ECF No. 242 at 4–5).

Defendants argue that information concerning Mascol's disciplinary history is relevant to her truthfulness and her eligibility for promotion in 2015 and 2016, which pertain to her suitability as a class representative and to her credibility. (ECF No. 247 at 3). The Court has agreed to place Defendants' opposition to Plaintiffs' Cross-Motion under seal (pending further Court review as noted above), and therefore will refrain here from discussing here the details of Mascol's disciplinary history. (ECF No. 248). At a high level, Defendants contend that Mascol's disciplinary history contains instances in which she has been untruthful, and that other witnesses' testimony concerning her disciplinary history will contradict Mascol's representations about her disciplinary history. (ECF No. 247 at 3–4). Defendants therefore ask the Court to deny a protective order and permit them to question Mascol, Chief Booth, and Assistant Commissioner

10

Margo Ferrandino regarding their knowledge of Mascol's disciplinary history and disclosure of documents concerning Mascol's disciplinary history. (Id.)

On reply, Plaintiffs continue to argue that the purpose of Defendants' questioning of Mascol and Chief Booth about Mascol's disciplinary history is "to use these prejudicial accusations to improperly attack Plaintiffs' character." (ECF No. 250 at 3). Plaintiffs contend that Chief Booth's testimony that he sought clarification about an answer that Mascol gave in her promotional interview is "too attenuated to raise an inference of dishonesty," and point out that Mascol "was not disqualified for misstating information in the interview," but rather for having had a "disciplinary matter." (ECF No. 250 at 4). Plaintiffs maintain that any accusations of Mascol's dishonesty are "belied by the fact that [she] was in fact promoted in subsequent years." (Id.) Finally, Plaintiffs argue that that there is a "high bar" to disqualify a representative plaintiff," and the allegations about Mascol's truthfulness do not establish a basis for her disqualification. (Id. at 5).

It is well-settled that an unsatisfactory disciplinary history may be "a legitimate non-discriminatory reason" for an employer's adverse employment action. See Krasner v. City of N.Y., 580 F. App'x 1, 3 (2d Cir. 2014) (affirming grant of summary judgment for defendants where plaintiff's "extensive disciplinary history" provided "a legitimate, nondiscriminatory reason for his termination"); Jenkins v. N.Y.C. Transit Auth., 201 F. App'x 44, 46 (2d Cir. 2006) (affirming grant of summary judgment for defendants where plaintiff's "poor disciplinary history" was "a legitimate non-discriminatory reason" for her demotion); Toombs v. N.Y.C. Housing Auth., No. 16 Civ. 3352 (LTS), 2019 WL 4039528, at *7 (S.D.N.Y. Aug. 27, 2019) (granting summary judgment for defendants where plaintiff's "lengthy disciplinary history" was a legitimate non-

11

discriminatory reason for her termination); Johnson v. N.Y. Univ., 324 F.R.D. 65, 72 (S.D.N.Y. 2018) (noting that plaintiff's disciplinary history provided a legitimate non-discriminatory reason for denying plaintiff admission); Hart v. N.Y. Univ. Hosps. Ctr., No. 09 Civ. 5159, 2011 WL 4755368, at *8 (S.D.N.Y. Oct. 7, 2011) (granting summary judgment for defendants where plaintiff's "unsatisfactory disciplinary history" provided a legitimate non-discriminatory reason for his termination). What role, if any, Mascol's disciplinary history played in her promotional process is not ripe at this stage; her disciplinary history may fall well short of what the courts above deemed sufficient to grant summary judgment for the defendant employers. That possibility, however, does not mean the information is irrelevant; to the contrary, the fact that each of the courts listed above considered evidence in the record of the plaintiffs' disciplinary history at the defendant employers demonstrates that the information is relevant and discoverable here. See Toombs, 2019 WL 4039528, at *7 (discussing "substantial evidence" in the record regarding plaintiff's work performance and disciplinary history as relevant to defendants' "legitimate non-discriminatory reasons" for her termination).

Plaintiffs' reliance on the Court's November 17 Order quashing the subpoena to Plaintiff Luis Rodriguez's outside employer and similar cases is misplaced. (ECF No. 242 at 5 (citing Guercia v. Equinox Holdings, Inc., No. 11 Civ. 6775, 2013 WL 2156496, at *4 (S.D.N.Y. May 20, 2013)); ECF No. 250 at 3 (citing Guercia 2013 WL 2156496, at *4 & Peddy, 2019 WL 3926984, at *2). In the circumstances of the November 17 Order, as well as in Guercia and Peddy, the discovery sought was disciplinary records of the plaintiff's former employers, or employers other than the defendants, which, for the reasons the Court explained, were not relevant. (See ECF No. 228 at 4). The opposite is true in the case of a plaintiff's disciplinary records at the employer against

whom she is asserting claims of discrimination: such records are relevant to the question of whether the defendant employer had a legitimate, non-discriminatory reason for not promoting (or terminating, or demoting) her, and therefore are discoverable.

Accordingly, Plaintiffs' Cross-Motion for a protective order precluding discovery of Mascol's disciplinary history at EMS is denied.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion is GRANTED IN PART to the extent that they may depose Variale on the Topics for no longer than one (1) hour, and Plaintiffs' Cross-Motion is DENIED.

The Clerk of the Court is respectfully directed to close ECF No. 241.

Dated:      New York, New York
            December 9, 2020

SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge