UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOCAL 3621, EMS OFFICERS UNION, DC-37, AFSCME, AFL-CIO, et al.,

       Plaintiffs,

against

THE CITY OF NEW YORK, et al.,

       Defendants.

CIVIL ACTION NO.: 18 Civ. 4476 (LJL) (SLC)

**DISCOVERY ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I.   INTRODUCTION

Plaintiffs, a union (Local 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO ("Local 3621")) and two employees of the New York City Fire Department ("FDNY") bring this putative class action against the City of New York (the "City"), the FDNY, the Department of Citywide Administrative Services ("DCAS"), and several John and Jane Does (collectively, "Defendants"), alleging that employees in the FDNY's Emergency Medical Services Bureau ("EMS") who seek promotions above the rank of lieutenant are subject to disparate treatment and disparate impact based on impermissible considerations. Plaintiffs assert claims under 42 U.S.C. §§ 1981 and 1983, and the New York State and New York City Human Rights Laws. (ECF Nos. 1 ¶¶ 1, 4; 26 at 2–3).

Before the Court are two discovery disputes. First, Defendants oppose the Court's sealing of their letter filed at ECF No. 247 ("Defendants' Dec. 3 Letter"). (ECF No. 251). Second, Plaintiffs move for reconsideration of the Court's December 9, 2020 Order (ECF No. 257 (the "Dec. 9 Order")) that granted in part Defendants' motion to compel the testimony of Vincent Variale (ECF No. 241 ("Defendants' Motion to Compel")) and denied Plaintiffs' cross motion for a protective

order for Plaintiff Mascol's prior disciplinary history (ECF No. 242("Plaintiffs' Cross-Motion")). (ECF No. 258 ("Plaintiffs' Reconsideration Motion")).

For the reasons set forth below, Defendants' opposition to the sealing of Defendants' Dec. 3 Letter is GRANTED IN PART and DENIED IN PART to the extent that certain portions of documents relating to Plaintiff Mascol's disciplinary history will remain redacted (as set forth further below), and Plaintiffs' Reconsideration Motion is DENIED.

## II.   DISCUSSION

### A.   Motion to Seal

At the outset, the Court notes that both parties have abandoned adherence to this Court's rules regarding the form of discovery motions, procedures related motions to seal, and page limits.  See Sections I.G, II.C., Individual Practices of Sarah L. Cave, U.S. Mag. J., available at www.nysd.uscourts.gov/hon-Sarah-l-Cave.  The parties' papers regarding the opposition to seal Defendants' Dec. 3 Letter impermissibly included unauthorized sur-reply, and sur-sur-reply arguments regarding Defendants' Motion to Compel and Plaintiffs' Cross-Motion, rather than focusing on the sealing standard.  Plaintiffs also incorrectly stated that the Court "sealed all papers related to Plaintiffs' cross motion for a protective order."  (ECF No. 258 at 9). The Court granted the sealing of <u>one document</u> — Defendants' Dec. 3 Letter – pending a decision on Plaintiffs' Cross-Motion.  (<u>See</u> ECF No. 248).  The Court denied that motion in the Dec. 9 Order, and the Court now turns to the issue of sealing.

#### 1.   Legal standards

"There is a common-law and First Amendment right of public access to judicial documents."  <u>Valassis Commc'ns, Inc. v. News Corp.</u>, No. 17 Civ. 7378 (PKC), 2019 WL 10984156,

at *1 (S.D.N.Y. Mar. 11, 2019) (citing Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 115 (2d Cir. 2006)).  A court may seal documents "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Lugosch, 435 F.3d at 120.

The Court is required to weigh the competing interests against access, including "the degree of judicial reliance on the document in question and the relevance of the document's specific contents to the nature of the proceeding." Newsday LLC v. Cty. of Nassau, 730 F.3d 156, 166–67 (2d Cir. 2013).  The Court also considers "the privacy interests of those resisting disclosure." Lugosch, 435 F.3d at 120.  "Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." United States v. Amodeo, 71 F.3d 1044, 1051 (2d Cir. 1995).

### 2. Application

Defendants' Dec. 3 Letter asserted arguments in further support of their Motion to Compel, and in opposition to Plaintiffs' Cross-Motion.  (ECF No. 247).  In relevant part, Defendants argued that Plaintiff Renae Mascol's prior disciplinary was relevant and discoverable, and described some details of that history.  (Id. at 3).

The same day, Plaintiffs filed a request to seal Defendants' Dec. 3 Letter on the ground that it improperly included "the very information that Plaintiffs seek a protective order for," namely the assertions about Mascol's disciplinary history.  (ECF No. 248).  Plaintiffs asked that Defendants' Dec. 3 be sealed until the Court resolved Plaintiffs' Cross-Motion.  (Id.)  The Court

granted Plaintiffs' request and limited access to Defendants' Dec. 3 Letter to the Court and the parties to the action. (ECF No. 248).

On December 7, 2020, Defendants filed an opposition to Plaintiffs' motion to seal Defendants' Dec. 3 Letter. (ECF No. 251). Defendants argued that references to Mascol's disciplinary history should not be sealed because the information "goes directly to the heart of this case: the reasons why plaintiff was not promoted and/or eligible for promotion in the years 2014–2016, and whether plaintiff is an appropriate representative for the putative class." (Id. at 2). Defendants submit that Mascol has put her performance record at issue in this case and has thus "waived her right to privacy in any relevant records related to that performance." (Id.)

On December 9, 2020, Plaintiffs filed a reply in support of their motion to seal information relating to Mascol's disciplinary history, which also includes the Reconsideration Motion analyzed below. (ECF No. 258). Plaintiffs contested the relevance of Mascol's disciplinary history and further addressed the merits of their Cross-Motion, ignoring both the fact that the Court had already denied the Cross-Motion and the separate question of what information should be maintained under seal in light of the Court's Dec. 9 Order. (Id.)

For the reasons set forth in the Dec. 9 Order, Mascol's disciplinary history at EMS is relevant and discoverable. (ECF No. 257). The Court was not asked to, nor did it, make any finding as to the admissibility of the information at issue or as to the merits of what the documents demonstrate, questions that are not at all ripe at this stage of the litigation. Morelli v. Alters, No. 19 Civ. 10707 (GHW), 2020 WL 6508858, at *4 (S.D.N.Y. Nov. 5, 2020) ("Information within [the] scope of discovery need not be admissible in evidence to be discoverable." (quoting Fed. R. Civ. P. 26(b)(1))); see also 9A Charles Alan Wright & Arthur R. Miller, Fed. Practice and P.

§ 2459 (3d ed. 2020) ("[T]he scope of discovery is not limited to matters that are admissible or relevant to the issues formulated in the case but extends to any nonprivileged matter that is relevant to the claim or defense of any party in the pending action.").

While Mascol's disciplinary history is relevant, the Court finds that it is appropriate to keep the details and underlying facts of her disciplinary history confidential, and that the balancing test weighs in favor of allowing Defendants' Dec. 3 Letter to be refiled, with limited redactions specific to the substance of the conduct at issue in the October 2014 Stipulation and Agreement between EMS and Mascol.  <u>Lugosch</u>, 435 F.3d at 120.  Accordingly, references to the <u>substance</u> of the October 2014 Stipulation and Agreement and any other internal charges related to Mascol may be redacted from Defendants' Dec. 3 Letter.  The additional filings made under seal in connection with motion practice on the sealing of the Dec. 3 Letter shall also be re-filed with redactions as discussed below.

The Court's usual procedure would be to direct the parties to meet and confer as to the scope of redactions; but the Court does not expect that the parties can productively engage in that exercise at this stage.  Accordingly, the Court orders as follows:

1. Defendants shall re-file ECF No. 247 with the following redactions:

    i) <u>Section II. A</u>
       (1) REDACT the third through seventh lines of Section A, beginning with "agreed" and ending with the citation to Exhibit A.
       (2) REDACT name of the EMT referenced in the third to last line of Section A.

    ii) <u>Section II. B</u>
       (1) REDACT the second and third lines of the second paragraph of Section B, beginning with "EEO" and ending with "Mascol."

    iii) <u>Section II.C</u>
       (1) REDACT the section title.

5

        (2) REDACT the third through seventh lines of Section C, beginning with "with and ending with "statements."

    iv) <u>Exhibit A</u>
        (1) REDACT in its entirety.

    v) <u>Exhibit B</u>
        (1) REDACT name of EMT redacted in Section II.A.

2. Plaintiffs shall re-file ECF No. 250 with the following redactions:

    i) REDACT the last four lines of the first full paragraph on page 4, beginning with "the" and ending with the citation to ECF No. 247 Exhibit A.

3. Defendants shall re-file ECF No. 251 with the following redactions:

    i) REDACT the second full paragraph on page 3 beginning with "Plaintiff" and ending with "record."

4. Plaintiffs shall re-file ECF No. 258 with the following redactions:

    i) REDACT the second full paragraph on page 4 beginning the "the" and ending with the citation to Exhibit F of ECF No. 242.

The public versions of ECF Nos. 247, 250, 251 and 258 shall be filed by **December 18, 2020**. Any further motions to seal <u>must</u> follow the Local Rules and this Court's individual practices. If the Court has inadvertently excluded references to the substance of Plaintiff Mascol's October 2014 Stipulation and Agreement in the redactions to the sealed filings as ordered above, the party shall notify the Court by email to Chambers at least one day before the filing deadline (copying opposing counsel) with the proposed additional redactions.

## B. Plaintiffs' Reconsideration Motion

### 1. Legal Standards

Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b) govern motions for reconsideration. Local Civil Rule 6.3 specifies timing, giving the moving party fourteen days after an entry of judgment to file a motion for reconsideration. Local Civ. R. 6.3. Rule 60(b) provides

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) affords "'extraordinary judicial relief'" that "can be granted 'only upon a showing of exceptional circumstances.'" Kubicek v. Westchester Cty., No. 08 Civ. 372 (ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986)). The reconsideration standard "is strict," and reconsideration is generally only granted upon a showing of "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

A motion for reconsideration is not "an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). It is not a way to "advance new facts, issues or arguments not previously presented to the Court." Polsby

7

v. St. Martin's Press, Inc., No. 97 Civ. 960 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (internal citation omitted). The "moving party bears the burden of proof." Freedom, N.Y., Inc. v. United States, 438 F. Supp. 2d 457, 462 (S.D.N.Y. 2006).

The decision to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" Premium Sports Inc. v. Connell, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009)).

### 2. Application

Plaintiffs have not pointed to any mistake, new evidence, or other fact reason that would merit granting the Reconsideration Motion. While Plaintiffs present both old and new arguments to support their position that Variale should not have to testify as ordered, a motion for reconsideration is not "an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). For example, in the Reconsideration Motion, Plaintiffs quote and attach testimony (ECF No.258 at 3(testimony of Booth and Suriel)) that was not included in Plaintiffs' Cross-Motion or their reply in further support of that motion.

Plaintiffs suggest that, given the narrow scope of the Topics (as defined in the Dec. 9 Order), Variale could provide responsive information in the form of an affidavit, instead of a deposition. (ECF No. 258). The Court finds that to be a reasonable and potentially efficient approach, and therefore encourages the parties to meet and confer on whether the Variale may present his answers to the Topics in an affidavit rather than a deposition.

### III. CONCLUSION

For the reasons set forth below, Defendants' opposition to the sealing of Defendants' Dec. 3 Letter is GRANTED IN PART and DENIED IN PART to the extent that certain portions of documents relating to Plaintiff Mascol's disciplinary history will remain redacted, and Plaintiffs' Reconsideration Motion is DENIED.

Dated: New York, New York
December 10, 2020                                SO ORDERED

_____
SARAH L. CAVE
United States Magistrate Judge