

December 10, 2020

**VIA ECF**
The Honorable Sarah L. Cave, U.S.M.J.
United States District Court, Southern District of New York
500 Pearl Street, Room 702
New York, NY 10007

  **Re: Local 3621, et al v. City of New York, et al; Index No. 18-cv-04476 (LJL)(SLC)**

Your Honor:

  We submit this letter motion to respectfully request that the Court (1) compel Defendants to produce an alternate and/or additional 30(b)(6) witness tomorrow, December 11, 2020, who can give the necessary testimony regarding all of the demographic data produced by Defendants to date, and (2) grant an extension of one (1) business day for Plaintiffs' deadline to file a reply regarding the demographic data, pursuant to the Court's December 3, 2020 Scheduling Order [Dkt. No. 246], from December 11, 2020 to December 14, 2020.

  There are numerous defects in Defendants' data production that will be addressed at a later time but there is one very time sensitive issue that we unfortunately must seek the Court's assistance with. In specific, Defendants are refusing to produce a 30(b)(6) witness with the proper knowledge to testify with regards to data production as directed and as intended by the Court's December 3, 2020 Order.

  Defendants' counsel represented for the first time today that their Rule 30(b)(6) witness has no knowledge regarding 3 of the 4 relevant data productions or about the systems relevant to data production outside of her simply pulling files that someone ostensibly has directed her to pull from HRIS, and that she has taken no steps to confirm the records' accuracy or completeness or in any way to confirm they comply with the Court's Order with regards to what Defendants must produce.

  While Defendants have acknowledged the necessary scope for the 30(b)(6) witness, i.e. what the Court has ordered, specifically the information in Defendants' December 8, 2020 letter [Dkt. No. 256], Defendants today represented that they will be producing only one 30(b)(6) witness

85 BROAD STREET
28th FLOOR
NEW YORK, NY 10004

P: 212 253 6911
F: 212 614 2532

kurland@kurlandgroup.com
KURLANDGROUP.COM

New York | Washington, D.C.

tomorrow, who they have already confirmed has no ability to testify to the majority of information necessary.

In an effort to meet and confer, we emailed Defendants' counsel and asked her to confirm the name of an alternate and/or additional witness who can give necessary testimony as to the above, including the completeness, accuracy, process, etc. with regards to Defendants' full data production and who can speak on the data sets that their current witness cannot speak to, as well as the steps and processes Defendants have undertaken to date to produce this data.

Defendants' counsel responded and advised us they would not produce an alternate and/or additional 30(b)(6) witness tomorrow, claiming Barbara Dannenberg has provided this information. However, as we have previously advised the Court, Ms. Dannenberg testified on September 10, 2020 that she does not know what the prior data sets contain or whether they are complete and/or accurate (*see* Exhibit E to Plaintiffs' October 5, 2020 motion to compel). In fact, Defendants' counsel's request that we cobble these databases together in order to access missing data shows that none of these productions are complete or accurate.

As the Court will recall, there has been an ongoing problem with Defendants' reluctance to produce a complete and usable data set for what is basic and customary information for a class action employment claim[1]. We will not waste the Court's time recounting this but suffice it say, Defendants' have instructed that we need to use all 4 data sets to attempt to use or access the information, for which they now plan to produce a witness who only has limited knowledge regarding one database. At a minimum, and in the spirit of the Court's thoughtful Order of December 3, 2020, which lays out several steps in hopes of resolving the challenges with getting this data, Defendants must produce a 30(b)(6) witness with knowledge to testify regarding all the information in Defendants' December 8, 2020 letter.

Lastly, we seek an extension of one (1) business day for Plaintiffs' submission to the Court regarding the demographic data because the earliest our court reporter can provide the transcript of tomorrow's 30(b)(6) deposition(s) in Monday, December 14, 2020, and we anticipate that this testimony will need to be submitted to the Court. We reached out to Defendants' counsel this evening to request their consent to this request, however they have not responded.

As such, we respectfully request that the Court (1) compel Defendants to produce an alternate and/or additional 30(b)(6) witness tomorrow, December 11, 2020, who can give the necessary testimony regarding all of the demographic data produced by Defendants to date, and (2) grant an extension of one (1) business day for Plaintiffs' deadline to file a reply regarding the

---

[1] The information current being requested currently is only a portion of the full set of data for certification. Plaintiffs reserve their rights to obtain full disclosure from Defendants in this matter and to ensure that these delay tactics are no longer employed in merits discovery.

demographic data, pursuant to the Court's December 3, 2020 Scheduling Order [Dkt. No. 246], from December 11, 2020 to December 14, 2020.

Respectfully Submitted,

_____/s/_____
Yetta G. Kurland

> Plaintiffs' requested one-day extension of time to file their reply is GRANTED.
>
> Plaintiffs' motion to compel an alternate or additional 30(b)(6) Witness is DENIED without prejudice. The parties are directed to proceed with the deposition today, December 11, 2020 as planned. Any deficiencies in the testimony can be raised with the Court if and when ripe.
>
> The Clerk of Court is respectfully directed to close ECF No. 260.
>
> SO ORDERED        12/11/2020

SARAH L. CAVE
United States Magistrate Judge