UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOCAL 3621, EMS OFFICERS UNION, DC-37, AFSCME, AFL-CIO, et al.,

                Plaintiffs,

against

THE CITY OF NEW YORK, et al.,

                Defendants.

CIVIL ACTION NO.: 18 Civ. 4476 (LJL) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is Plaintiffs' letter-motion seeking clarification pursuant to Federal Rule of Civil Procedure 60(a) of the Court's December 15, 2020 discovery order at ECF No. 267 (the "Discovery Order"). (ECF No. 268) (the "Motion"). In the Motion, Plaintiffs assert that they are seeking clarification as to: (1) "the scope of relevance and discoverability" of Plaintiff Renae Mascol's disciplinary history disclosure of which the Court permitted in the Discovery Order dated December 9, 2020 (ECF No. 257 (the "December 9 Order")); (2) Plaintiffs' request that Defendants "provide sworn testimony as to" whether the Demographic Data Defendants have produced is complete and "which file is responsive to which of the 13 data points required to be produced;" (3) "order that Defendants produce the four missing areas of data in the form produced along with an affidavit from Defendants' Rule 30(b)6 [sic] witness stating what the files are and which of the data points they are responsive to;" and (4) confirmation that the Court's Discovery Order dated December 15, 2020 denying Plaintiffs' motion to compel production of Demographic Data (ECF No. 267 (the "December 15 Order")) is without prejudice to Plaintiffs' renewal of their request in merits discovery. (ECF No. 268 at 3). Plaintiffs also ask the Court to

hold a conference before December 18, 2020.  (Id.)  For the reasons set forth below, the Motion is GRANTED IN PART and DENIED IN PART.

Federal Rule of Civil Procedure 60(a) permits a court to correct "a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Fed. R. Civ. P. 60(a).  A motion under Rule 60(a) is permissible only to correct an order or judgment "for the purpose of reflecting accurately a decision that the court actually made."  Truskoski v. ESPN, Inc., 60 F.3d 74, 77 (2d Cir. 1995).  The relief granted under Rule 60(a) shall not affect substantive rights, but "merely correct a judicial oversight."  Dudley ex rel. Estate of Patton v. Penn-Amer. Ins. Co., 313 F.3d 662, 665 (2d Cir. 2002); see Hodge ex rel. Skiff v. Hodge, 269 F.3d 155, 158 (2d Cir. 2001) (finding a clerical mistake where clerk of court used parties' incorrect name in judgment); Cabisca v. City of Rochester, No. 14 Civ. 6485, 2017 WL 4220190, at *11 (W.D.N.Y. Sept. 21, 2017) (denying Rule 60(a) motion where there was no clerical error in court's order, rather "counsel made an error by not reading the totality" of the order).

Applying this standard, the Court finds that Plaintiffs have failed to identify any error or omission in either the December 9 Order or the December 15 Order that warrants correction under Rule 60(a).  First, with respect to Mascol's disciplinary history at EMS, neither the December 9 Order nor the cases on which the Court relied imposed a limit on the type or scope of information about disciplinary history that would be discoverable.  (See ECF No. 257 at 10–13).  Plaintiffs continue to dispute prematurely the question whether particular evidence may be admissible; the question that has been before the Court during the class certification discovery phase is whether the information, in whatever form, concerning Mascol's disciplinary history at EMS is relevant, which the Court has answered in the affirmative.  (See id. at 12–13).  That the

information that Chief Booth or Assistant Commissioner Ferrandino provides may not be first-hand or ultimately admissible at trial does not preclude it from discovery because, at this stage, the Court has determined that the information they appear to have is "relevant" and "proportional to the needs of the case;" it "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). As Plaintiffs are aware and have themselves argued, "discovery should be broad, and all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence should be [discoverable]." Beverly Hills Teddy Bear Co. v. Best Brands Consumer Prods., Inc., No. 19 Civ. 3766 (GHW), 2020 WL 7342724, at *3 (S.D.N.Y. Dec. 11, 2020) (internal citations omitted). In the Second Circuit, "this obviously broad rule is liberally construed." Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); see Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988). Thus, the Court will not correct the December 9 Order to parse the type or scope of discoverable information that Mascol's Disciplinary History may include.

Second, Plaintiffs' request that Defendants "give testimony under oath regarding whether the" Demographic Data they have produced "is complete" and identify which file is responsive to which of the 13 data points is denied for three reasons: (1) Plaintiffs' request for such an affidavit is predicated on their request for production of additional Demographic Data, which the Court denied in the December 15 Order; (2) the Court ruled in the December 15 Order which questions about the Demographic Data were valid (the "Data Questions") and required Defendants to meet-and-confer and provide a Rule 30(b)(6) witness as to those Data Questions and not other topics (specifically noting that the witness "must be prepared to testify with knowledge" on the Data Questions); and (3) Plaintiffs have provided no authority, either in their

initial request or in their current Motion, for imposing a certification of completeness requirement on Defendants at this stage of discovery. Defendants have represented to Plaintiffs and to the Court that "they have produced all data requested by Plaintiffs in accordance with Defendants' October [30], 2020 Letter to the Court." (ECF No. 256 at 5; see ECF No. 204). Should Plaintiffs continue to believe deficiencies remain in the data, there is no bar to them raising that argument in their motion for class certification or at other future junctures in this litigation. Class certification discovery has closed – with the exception of the limited deposition the Court has allowed in the December 15 Order – and Plaintiffs' motion for class certification is due on January 8, 2021. (ECF No. 189). The parties must proceed with the record that exists, and make their arguments to the best of their ability on that basis.

Third, Plaintiffs' request that the Court "order that Defendants produce the four missing areas of data in the form produced along with an affidavit from Defendants' Rule 30(b)6 [sic] witness stating what the files are and which of the data points they are responsive to" (ECF No. 268 at 3), appears, as best the Court can decipher, to be either Plaintiffs' attempt to reargue their requests that Defendants produce additional Demographic Data, which the Court denied in the December 15 Order, or that the Court order production of additional documents pertaining to the Data Questions. (ECF No. 267 at 7). To the extent Plaintiffs are seeking to expand the limited testimony concerning the Data Questions that the Court permitted in the December 15 Order or obtain an affidavit from Defendants, that request is denied for the same reasons set forth above.

Fourth, Plaintiffs ask the Court to "confirm that the denial of properly produced data is without prejudice for Plaintiffs to renew a request for these records during merits discovery." (ECF No. 268 at 3). The December 15 Order was clear that the Court's rulings pertained to

"disputes concerning class certification discovery in this case," (ECF No. 267 at 1), and that "Defendants have shown 'good cause' as to why they should not be required to make a further production of Demographic Data at this time." (Id. at 6 (emphasis added)).  Therefore, the Court is doubtful that the clarification Plaintiffs are requesting is even necessary.  Out of an abundance of caution and in order to minimize future disputes, however, the Court clarifies that its denial of Plaintiffs' motion to compel production of additional Demographic Data does not preclude Plaintiffs from requesting such information during merits discovery.

Finally, given the Court's resolution of the issues Plaintiffs have raised in the Motion, Plaintiffs' request for an immediate conference is DENIED as moot.

For the reasons set forth above, Plaintiffs' Motion is GRANTED only to the extent that the Court clarifies that its denial of Plaintiffs' motion to compel production of additional Demographic Data in the December 15 Order is without prejudice to Plaintiffs' renewal of that request during merits discovery, and is otherwise DENIED.

The Clerk of Court is respectfully directed to close the Letter-Motion at ECF No. 268.

Dated:     New York, New York
           December 16, 2020                        SO ORDERED

                                                   _____
                                                   SARAH L. CAVE
                                                   United States Magistrate Judge