UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOCAL 3621, EMS OFFICERS UNION, DC-37, AFSCME, AFL-CIO, et al.,

                Plaintiffs,

against

THE CITY OF NEW YORK, et al.,

                Defendants.

CIVIL ACTION NO.: 18 Civ. 4476 (LJL) (SLC)

ORDER DENYING MOTION FOR SANCTIONS

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

Plaintiffs, a union (Local 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO ("Local 3621")) and two employees of the New York City Fire Department ("FDNY"), bring this putative class action against the City of New York (the "City"), the FDNY, the Department of Citywide Administrative Services ("DCAS"), and several John and Jane Does (collectively, "Defendants"), alleging that employees in the FDNY's Emergency Medical Services Bureau ("EMS") who seek promotions above the rank of lieutenant are subject to disparate treatment and disparate impact based on impermissible considerations. Plaintiffs assert claims under 42 U.S.C. §§ 1981 and 1983, and the New York State and New York City Human Rights Laws. (ECF Nos. 1 ¶¶ 1, 4; 26 at 2–3).

Before the Court is Plaintiffs' Motion for Sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(i) (the "Motion"), in which Plaintiffs ask the Court to draw an adverse inference from Defendants' failure to produce certain discovery relating to class certification. (ECF Nos. 281–82). Specifically, Plaintiffs request that "it be taken as established that Chief [Jerry] Gombo was employed as Assistant Chief of EMS from 1996 or earlier such that his

testimony related to the promotional process covers . . . 1996 and 1997" (the "Proposed Adverse Inference").  (ECF No. 282 at 7, 10).  Defendants oppose the Motion on the grounds that Plaintiffs have failed to demonstrate that Defendants violated any Court order, failed to meet and confer before filing the Motion, and, in any event, Defendants have now produced documents showing the date on which Chief Gumbo became Assistant Chief of EMS, rendering the Motion moot.  (ECF No. 290).

The record on this Motion reflects that the question that underlies Plaintiffs' Proposed Adverse Inference — when did Jerry Gumbo become Assistant Chief in the EMS Bureau of the FDNY — has been answered.  Therefore, as explained further below, under the circumstances presented to the Court, the extreme sanction of an adverse inference is not warranted and the Motion is DENIED.

## II.     BACKGROUND

The factual background of this case is set out in detail in the Court's March 11, 2020 Memorandum Opinion & Order resolving various discovery disputes (the "March 11 Opinion"), and is incorporated herein by reference.  Local 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of New York, No. 18 Civ. 4476 (LJL) (SLC), 2020 WL 1166047, at *1 (S.D.N.Y. Mar. 11, 2020).  The March 11 Opinion was not the end of the parties' disputes concerning class certification discovery, which was the subject of five motions to compel by Plaintiffs, 24 court conferences, and at least 20 Court orders.  See, e.g., Local 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of New York, No. 18 Civ. 4476 (LJL) (SLC), 2020 WL 7260805 (S.D.N.Y. Dec. 10, 2020) (resolving dispute over sealed document and Plaintiffs' motion for

2

reconsideration); Local 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of New York, No. 18 Civ. 4476 (LJL) (SLC), 2020 WL 7239615 (S.D.N.Y. Dec. 9, 2020) (resolving Defendants' motion to compel and Plaintiffs' cross-motion for a protective order); Local 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of New York, No. 18 Civ. 4476 (LJL) (SLC), 2020 WL 6742754 (S.D.N.Y. Nov. 11, 2020) (resolving Plaintiffs' motion to quash Defendants' subpoena to non-party); Local 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of New York, No. 18 Civ. 4476 (LJL) (SLC), 2020 WL 3271687 (S.D.N.Y. June 17, 2020) (resolving Plaintiffs' motion for reconsideration of Court's June 12, 2020 discovery order); Local 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of New York, No. 18 Civ. 4476 (LJL) (SLC), 2020 WL 3120382 (S.D.N.Y. June 12, 2020) (resolving Plaintiffs' motion to compel with respect to Defendants' Fed. R. Civ. P. 30(b)(6) affidavit). (See ECF No. 282 at 2 n.2 (listing ECF numbers for 20 court orders); id. at 2 n.3 (discussing Plaintiffs' motions to compel)). Accordingly, to call the parties' class certification discovery disputes contentious is an understatement.

Of Plaintiffs' five motions to compel, the Court granted two (ECF Nos. 267 (granting in part motions at ECF Nos. 192, 245), 257 (addressing motion at ECF No. 241)), denied one (ECF No. 261 (addressing motion at ECF No. 260)), and, at the Court's urging, Plaintiffs withdrew two (ECF Nos. 164 and 231) to submit instead a single motion (that is, the current Motion) raising any remaining issues as to Defendants' class certification discovery productions. (ECF No. 262). During the November 23, 2020 conference (the last conference before the close of class certification discovery), Plaintiffs raised six deficiencies in Defendants' productions (the "Discovery Topics"), including the "Operations Order announcing promotion of Jerry Gombo to

Assistant Chief of EMS which [sic] would have been issued after 1994 and before 1998" (the "Operations Order"). (ECF No. 282 at 2–3; see ECF No. 243 at 32). The Court suggested to Plaintiffs that, if they were not satisfied with Defendants' production on any of the six Discovery Topics, Plaintiffs could "argue whatever inferences [they] have" from those perceived deficiencies. (ECF No. 243 at 42:19–22 (emphasis added)).[1]

Class certification discovery closed on November 25, 2020, and although Plaintiffs continue to claim that Defendants' productions were deficient on all six Discovery Topics, the Motion focuses only on the Operations Order. (ECF No. 282 at 5–6). The Operations Order relates to one of the topics for which Plaintiffs demanded Defendants produce a witness pursuant to Federal Rule of Civil Procedure 30(b)(6): EMS officers' promotional process, and any changes thereto, for the entire proposed class period of 1996–2017 ("Topic 1"). (ECF No. 152-1 at 2). Defendants produced four witnesses on Topic 1: Chief Lillian Bonsignore, for the period 2019 to present; Chief Alvin Surriel, for the period November 2, 2017 to present; Chief James Booth, for the period 2015 to 2019; and Chief Gombo, for the period during which he was Assistant Chief of EMS. (ECF No. 282 at 4–5).

Chief Gombo testified during the first day of his deposition that he retired in 2015, and although he could not remember the year he became Assistant Chief of EMS, recalled that it was sometime in the mid-1990s. (ECF No. 283-1 at 4–7). Chief Gombo testified that "there were no significant changes with regards to the promotional process for that period of time from 1998 to 2015." (Id. at 8). At the conclusion of the first day of Chief Gombo's deposition, Plaintiffs' counsel

---

[1] The record thus contradicts Plaintiffs' statement in their Motion that the Court "advised" that "Plaintiffs could move for an adverse inference." (ECF No. 282 at 3 (emphasis added)).

4

asked Defendants' counsel to "remind Chief Gombo to check his records to confirm whether he was promoted to Assistant Chief of EMS in 1997 or 1998 in time for tomorrow's deposition." (ECF No. 283-2). On the second day of his deposition, Chief Gombo testified that he did not receive that reminder from Defendants' counsel, but suggested that "the operations or human resources orders" would likely reflect the date of his promotion. (ECF No. 283-3 at 4–5). On November 23, 2020, Plaintiffs served a Supplemental Request for Production of Documents (the "Supplemental Request"), asking for, inter alia, the Operations Order. (ECF No. 283-4 at 5).

In the Motion, Plaintiffs contend that Defendants have failed to respond to the Supplemental Request or produce the Operations Order, which is necessary to resolve the ambiguity concerning when Chief Gombo became Assistant Chief of EMS. (ECF No. 282 at 5–6). Plaintiffs argue that, if Chief Gombo became Assistant Chief of EMS in 1994, then his testimony would cover from the beginning of the class period in 1996 until 2015; if he did not become Assistant Chief of EMS until 1998, then there is a gap in the record about the promotional process between 1996 and 1998. (Id.) Because Plaintiffs claim the gap is due to Defendants' discovery deficiencies and violations of multiple Court orders, Plaintiffs ask the Court to "take as established that Chief Gombo was employed as Assistant Chief of EMS from 1996 or earlier such that his testimony related to the promotional process covers the two years in question, namely 1996 and 1997." (Id. at 6 & n.8 (listing orders Plaintiffs contend Defendants have violated)).

Plaintiffs' deadline to file their motion for class certification is January 18, 2021. (ECF No. 284).

## III.     DISCUSSION

### A.     Legal Standards

Plaintiffs bring the Motion under Federal Rule of Civil Procedure 37(b)(2)(A)(i), which provides for sanctions for "Failure to Comply with a Court Order" as follows:

> (A) <u>For Not Obeying a Discovery Order</u>.  If a party or a party's officer, director, or managing agent — or a witness designated under Rule 30(b)(6) or 31(a)(4) — fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.  They may include the following:  (i) directing that the matters embraced in the order or other designated facts be taken as established for purpose of the action, as the prevailing party claims[.]

Fed. R. Civ. P. 37(b)(2)(A)(i).

"A court order directing compliance with discovery requests is a required predicate to Rule 37(b) sanctions."  <u>Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC</u>, No. 16 Civ. 1318 (GBD) (BCM), 2017 WL 3670136, at *18 (S.D.N.Y. July 18, 2017); <u>see</u> <u>Salahuddin v. Harris</u>, 782 F.2d 1127, 1131 (2d Cir. 1986) ("The plain language of Rule 37(b) requires that a court order be in effect before sanctions are imposed."); <u>Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine</u>, 951 F.2d 1357, 1364 (2d Cir. 1991) ("[T]here must be a valid court order in force before sanctions may be imposed pursuant to Rule 37(b)(2).").  The court order need not be in writing.  See <u>Joint Stock Co.</u>, 2017 WL 3671036, at *18; <u>JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.</u>, No. 03 Civ. 5562 (JGK) (AJP), 2005 1958361, at *14 n.10 (S.D.N.Y. Aug. 16, 2005).

The purpose of disciplinary sanctions under Rule 37 is threefold:  (1) to "ensure that a party will not benefit from its own failure to comply"; (2) to serve as "specific deterrent[] and

6

seek to obtain compliance with the particular order issued"; (3) "to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault." S. New Eng. Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 149 (2d Cir. 2010) (quoting Update Art, Inc. v. Modiin Publ'g, Ltd., 843 F.2d 67, 71 (2d Cir. 1988)).

Sanctions under Rule 37 are "a harsh remedy to be used only in extreme situations." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (internal citation omitted). District courts have "broad discretion in fashioning an appropriate sanction" for discovery violations, and sanctions "may be imposed where a party has breached a discovery obligation" either through "bad faith or gross negligence" or through "ordinary negligence." Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 101 (2d Cir. 2002). When exercising their discretion to impose a sanction under Rule 37(b), courts in the Second Circuit consider four non-exclusive factors: "(1) the willfulness of the non-compliant party or the reason for non-compliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance." S.E.C. v. Razmilovic, 738 F.3d 14, 25 (2d Cir. 2013) (quoting S. New. Eng. Tel. Co., 624 F.3d at 144)). "Prejudice to the moving party may also be a significant consideration, though not an absolute prerequisite in all circumstances." Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n, 319 F.R.D. 122, 126 (S.D.N.Y. Nov. 9, 2016). "No single factor is dispositive." Joint Stock Co., 2017 WL 3671036, at *21.

The sanction of an adverse inference under Rule 37(b)(2)(A)(i) is "an inference that the evidence would have been unfavorable to the party responsible for its destruction." Zubulake v.

UBS Warburg LLC, 220 F.R.D. 212, 216 (S.D.N.Y. 2003).  An adverse inference instruction is "an extreme sanction and should not be imposed lightly." Treppel v. Biovail Corp., 249 F.R.D. 111, 120 (S.D.N.Y. 2008).  "The noncompliant party bears the burden to demonstrate that the other parties did not suffer any prejudice from spoliation." R.F.M.A.S., Inc. v. So, 271 F.R.D. 13, 24–25 (S.D.N.Y. 2011).  "Where the discovery violation involves spoliation or withholding of evidence, the absence of prejudice can be shown by demonstrating, for example, that the other parties were able to obtain the same evidence from another source, or that during discovery they never asked for the evidence later shown to have been spoliated." Id. at 25.  The adverse inference is meant "to restore a prejudiced party to the 'position he would have been in absent'" the withheld evidence.  Raymond v. City of N.Y. No. 15 Civ. 6885, 2020 WL 7055572, at *7 (S.D.N.Y. Dec. 2, 2020) (quoting Kronisch v. United States, 150 F.3d 112, 126 (2d Cir. 1998)).  Any sanction the court imposes under Rule 37(b)(2)(A) must "relate to the particular claim to which the discovery order was addressed." Seena Int'l Inc. v. One Step Up, Ltd., No. 15 Civ. 1095 (PKC) (BCM), 2016 WL 2865350, at *14 (S.D.N.Y. 2016) (quoting Daval Steel Prod., 951 F.2d at 1358)).

**B.   Application**

Applying the standards set forth above, the Court finds that Plaintiffs' Motion fails for two reasons.

First, Plaintiffs' Motion invokes Rule 37(b)(2)(A)(i), which requires the existence of "[a] court order directing compliance with discovery requests." Joint Stock Co., 2017 WL 3670136, at *18.  But Plaintiffs point to no order of this Court requiring Defendants to produce the Operations Order, nor could they; at no time between Chief Gumbo's deposition and the filing of the Motion

8

did this Court direct, either in a written order or during a conference, Defendants to produce the Operations Order. Because Plaintiffs have not met an essential predicate to the relief they seek under Rule 37(b)(2)(A)(i), the Court need not even reach the four factors, set forth above, that courts consider in determining whether to impose sanctions.

Faced with this deficiency, on reply Plaintiffs admit that they rely on Rule 37(b)(2)(A)(i), but point to other sections of Rule 37 that they did not discuss on in the Motion that provide for the same sanctions, and cite a litany of <u>other</u> orders they claim Defendants have violated. (ECF No. 291 at 4–5 & n. 2). None of those other orders, however, dealt with the Operations Order, and Plaintiffs still fall short of the Rule's requirement that Defendants have failed to comply with a discovery order of this Court.[2]

Second, even if the Court were to assume that Plaintiffs could invoke another section of Rule 37 to justify the Proposed Adverse Inference, Plaintiffs cannot show any prejudice. As noted above, the purpose of any adverse inference instruction is to restore the <u>prejudiced</u> party to the position they would have been in if the information had been produced. Here, the exhibits attached to Defendants' opposition to the Motion reveal that Chief Gombo became Assistant Chief in 1994, a title which, following the merger of EMS with FDNY, he maintained. (ECF Nos. 291-1, 291-2). Furthermore, Defendants' production of these documents shows that Defendants do not dispute the question for which Plaintiffs seek the Proposed Adverse Inference: that Jerry

---

[2] To the extent that Defendants argue that "the Court limited the scope of class certification discovery to the years 2012 to the present," (ECF No. 290 at 1), the Court notes that the March 11 Opinion limited <u>one category</u> of class certification discovery, the "formal internal and administrative complaints, and/or jury verdicts, as well as any settlements, resulting from claims of race, gender, and disability discrimination in the EMS promotional process, and claims of retaliation from the use of FMLA or other medical leave when considering candidates for EMS promotion," to the time period of 2012 to present. 2020 WL 1166047, at *7.

Gombo became Assistant Chief of EMS in 1994 and therefore was in that position at the beginning of Plaintiffs' proposed class period in 1996 until 2015.  Plaintiffs now have the answer to their question, with time to spare before the deadline for their class certification motion.  Because there is no prejudice, an adverse inference is not warranted.  See Raymond, 2020 WL 7055572, at *14-15 (denying motion for sanction of adverse inference where plaintiffs did not show prejudice);Infinity Headwear & Apparel v. Jay Franco & Sons, No. 15 Civ. 1259 (JPO) (RLE), 2017 WL 44202541, at *6 (S.D.N.Y. Oct. 2, 2017) (denying sanctions under Rule 37(b)(2)(A)(i) where defendant supplemented its discovery responses following the courts' orders and plaintiff failed to show "prejudice that would warrant such severe sanctions").

### IV.     CONCLUSION

For the reasons set forth above, the Motion is DENIED.  The Clerk of Court is respectfully directed to close the Motion at ECF No. 281.

Dated:     New York, New York
           January 14, 2021                         SO ORDERED

_____
SARAH L. CAVE
United States Magistrate Judge