UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOCAL 3621, EMS OFFICERS UNION, DC-37, AFSCME, AFL-CIO, et al.,

           Plaintiffs,

against

THE CITY OF NEW YORK, et al.,

           Defendants.

CIVIL ACTION NO.: 18 Civ. 4476 (LJL) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

Plaintiffs, a union (Local 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO ("Local 3621")) and two employees of the New York City Fire Department ("FDNY") bring this putative class action against the City of New York (the "City"), the FDNY, the Department of Citywide Administrative Services ("DCAS"), and several John and Jane Does (collectively, "Defendants"), alleging that employees in the FDNY's Emergency Medical Services Bureau ("EMS") who seek promotions above the rank of lieutenant are subject to disparate treatment and disparate impact based on impermissible considerations. Plaintiffs assert claims under 42 U.S.C. §§ 1981 and 1983, and the New York State and New York City Human Rights Laws. (ECF Nos. 1 ¶¶ 1, 4; 26 at 2–3).

Currently before the Court is Defendants' motion for sanctions (the "Motion") (ECF No. 308), asking that the current class certification briefing schedule be stayed until Plaintiffs produce Local 3621 President Vincent Variale for a one-hour deposition, as required by the Court's December 9, 2020 Order (the "December 9 Order" (ECF No. 257)), and Plaintiffs' cross motion to compel Defendants to accept Variale's declaration in lieu of a live deposition (the

"Cross Motion") (ECF No. 312).  For the reasons set forth below, the Motion is GRANTED IN PART and DENIED IN PART, and the Cross Motion is GRANTED IN PART and DENIED IN PART.

## II. BACKGROUND

The factual background of this case is set out in detail in the Court's March 11, 2020 Memorandum Opinion & Order resolving various discovery disputes (the "March 11 Opinion").  <u>Local 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of New York</u>, No. 18 Civ. 4476 (LJL) (SLC), 2020 WL 1166047, at *1 (S.D.N.Y. Mar. 11, 2020).  The lengthy procedural background concerning the parties' disputes concerning class certification discovery is set forth in the Court's January 14, 2021 Order Denying Motion for Sanctions (the "January 14 Order"), <u>Local 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of New York</u>, No. 18 Civ. 4476 (LJL) (SLC), 2021 WL 134566, at *1 (S.D.N.Y. Jan. 14, 2021).  Both are incorporated here by reference.

As is relevant to the Motion and Cross-Motion, in the December 9 Order, the Court granted in part Defendants' motion to compel Variale's testimony, ordering that Defendants could take Variale's deposition for no longer than one (1) hour on four topics (the "Four Topics") that had arisen during his earlier deposition but as to which Plaintiffs' counsel had objected on the grounds of a "Labor Union Leader Privilege" and directed him not to answer.  (ECF Nos. 241 at 2; 257).[1]  The Court subsequently suggested that the parties meet and confer on whether Defendants would accept Variale's answers to the Four Topics by affidavit rather than a

---

[1] The Four Topics are:  (1) "The identity of the veteran, who was 'told they took too much time off, and that was why they weren't going to be promoted'"; (2) "the identity of the two other black male lieutenants that 'were trying to obtain an interview because they had investigation [sic] going on with BITS'"; (3) "The name of the 'close friend' of Barbara Aziz who told [] Variale that Barbara Aziz was going to be promoted, before the decision regarding promotions was released'"; and (4) the identity of "the three members who told [] Variale that Barbara Aziz knew prior to the promotional process that she was going to be promoted[.]"  (ECF No. 241 at 1–2).

deposition, but did not require Defendants to give up the right to depose Variale and in fact denied Plaintiffs' motion to reconsider the December 9 Order. (ECF Nos. 257; 259 at 8).

Following the December 9 Order, Defendants' counsel sent several emails to Plaintiffs' counsel seeking to schedule Variale's deposition, but Plaintiffs' counsel stated that Variale's testimony was "not an issue relevant to the motion for [class] certification," and that they "would like to provide an affidavit rather than a deposition for Variale." (ECF No. 308-1). Defendants declined the alternative of an affidavit, to which Plaintiffs' counsel responded, "he is only asking the questions ordered so why waste the time deposing him." (Id. at 4).

On February 2, 2021, Defendants filed the Motion, asking the Court to stay the briefing schedule on Plaintiffs' motion for class certification (the "Class Motion") (Defendants' opposition to which is due on February 18, 2021), order Plaintiffs to produce Variale for his deposition, and direct Plaintiffs to reimburse Defendants for the cost of obtaining an expedited transcript of Variale's deposition for use in their opposition to the Class Motion. (ECF No. 308 at 1–2).

On February 5, 2021, Plaintiffs filed the Cross-Motion, asking the Court to require Defendants to accept an affidavit from Variale answering the Four Topics (the "Variale Affidavit") and produce a Fed. R. Civ. P. 30(b)(6) witness regarding demographic data (the "Demographic Data Witness") on or before February 28, 2021, or, in the alternative, directing Defendants to meet and confer regarding scheduling of the Demographic Data Witness and Variale's deposition. (ECF No. 312 at 1). Plaintiffs argue that Defendants have not met the standards for imposing sanctions under Fed. R. Civ. P. 37(b)(2)(A)(iv), that Defendants are the ones avoiding their obligation to produce the Demographic Data Witness, and neither deposition need delay the Class Motion briefing schedule. (Id.)

### III.  DISCUSSION

####    A.  Legal Standards

The legal standards applicable to a motion for sanctions for failure to comply with a court order under Federal Rule of Civil Procedure 37(b)(2)(A) are set forth in the Court's January 14 Order and are incorporated here by reference.  2021 WL 134566, at *3.

####    B.  Application

The parties' inability to schedule a one-hour deposition of a witness whose deposition the Court ordered two months ago is inexplicable.  Both parties, both with respect to the current dispute, as well as to many others, have acted inefficiently and out of pure gamesmanship rather than to progress this case toward a resolution on the merits.  The Court <u>ordered</u> that Plaintiffs produce Variale for a deposition on the Four Topics.  (ECF No. 257).  While an affidavit is a reasonable alternative, the Court did not require Defendants to accept an affidavit in lieu of a deposition or impose any of the other prerequisites, and in fact <u>denied</u> Plaintiffs' motion to reconsider the December 9 Order.  (ECF No. 259).  The record could not be clearer that there is a court order in place requiring Variale's deposition, and Plaintiffs have failed to comply with that order.  See <u>Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine</u>, 951 F.2d 1357, 1363 (2d Cir. 1991) (finding the district court "well within its authority in prescribing sanctions when it was "clear that [defendant] failed to comply with a valid order of the court requiring that a deposition be conducted[.]"); Fed. R. Civ. P. 37(b)(2)(A).

In exercising its "broad discretion in fashioning an appropriate sanction" for noncompliance with a discovery order, <u>Residential Funding Corp. v. DeGeorge Fin. Corp.</u>, 306 F.3d 99, 101 (2d Cir. 2002), the Court considers "'(1) the willfulness of the non-compliant party or the

reason for non-compliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance.'" Local 3621, 2021 WL 134566, at *3 (quoting S.E.C. v. Razmilovic, 738 F.3d 14, 25 (2d Cir. 2013)). The Court may also consider prejudice to the moving party. Id. (quoting Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n, 319 F.R.D. 122, 126 (S.D.N.Y. Nov. 9, 2016)).

Applying these considerations, the Court finds that the exhibits to the Motion and Cross-Motion demonstrate that Plaintiffs' refusal to make Variale available for his Court-ordered deposition has been intentional, and the reasons they assert for not doing so — that the December 9 Order did not include a deadline by which it was to occur and that providing his affidavit is more efficient — while true, are beside the point. (ECF No. 308 at 2–5). The fact that, only after two motions by Defendants did Plaintiffs finally provide names in answer to the Topics seems the opposite of good faith. Although two months is a relatively brief period, it does span the time during which briefing on the Class Motion has been pending. The Court has not previously warned Plaintiffs about consequence for not complying with the December 9 Order, although the fact that it was less than one month ago that the Court ruled in the January 14 Order on Plaintiffs' own motion for sanctions under the same Rule tends to negate any inference that Plaintiffs are unfamiliar with the consequences of not complying with a Court order.

Where the Court's analysis ends, however, is on the question of prejudice to Defendants. Defendants have not articulated in the Motion why Variale's answers to the Topics are required for their opposition to the Class Motion, and the Court is unable to otherwise glean why his testimony is necessary for that purpose. While the Court does not condone Plaintiffs' foot-dragging in making Variale available for his deposition, the harm to Defendants is not apparent,

5

and therefore, the Court does not deem monetary sanctions, such as requiring Plaintiffs to pay the costs of an expedited transcript, appropriate.

As to the Class Motion briefing schedule, that was set by Judge Liman, and this Court is not authorized to amend it. Any request for an extension must be directed to Judge Liman, as the Court has reminded the parties previously.

As to Variale's Affidavit, the Court finds that it is insufficient to supplant his deposition testimony. It lists only individuals' names, without any identifying information, such as rank, dates of employment, or address, that would facilitate Defendants' use of the information. Contrary to Plaintiffs' suggestion (see ECF No. 312 at 4), Defendants are entitled to ask follow up questions regarding the identities of the individuals listed in Variale's Affidavit, and will be very skeptical of any objections to such limited follow-up questions.

Finally, the Court is at a loss to understand why the parties have not yet been able to find time for a one-hour deposition of a single witness in the two months since the December 9 Order nor why they have not scheduled the deposition of Defendants' Rule 30(b)(6) Demographic Data Witness, which was the subject of numerous motions, orders and conferences. (See ECF No. 312 at 1 n.2).

Thus, while the Court does not find that Variale's deposition must occur before Defendants' deadline for their opposition to the Class Motion, there is little reason to delay it any further. Accordingly, Variale's deposition shall occur no later than February 19, 2021. In addition, the parties must schedule the deposition of a Rule 30(b)(6) Demographic Data Witness to take place no later than February 28, 2021.

## IV.  CONCLUSION

For the reasons set forth above, Defendants' Motion is GRANTED IN PART, to the extent that Plaintiffs are ORDERED to make Variale available for the one-hour deposition required by the December 9 Order no later than February 19, 2021 and is OTHERWISE DENIED.  Plaintiffs' Cross-Motion is GRANTED IN PART, to the extent that Defendants are ORDERED to make a Rule 30(b)(6) witness available for a deposition on the demographic data no later than February 28, 2021 and is OTHERWISE DENIED.

The Clerk of Court is respectfully directed to close the Motion at ECF No. 308.

Dated:     New York, New York
           February 11, 2021                              SO ORDERED

                                                         _____
                                                         SARAH L. CAVE
                                                         United States Magistrate Judge