

> Defendants' Motion was GRANTED ONLY to the extent that Plaintiffs must produce Variale for a one-hour deposition by February 19, 2021 and was otherwise DENIED. Plaintiffs' Motion was GRANTED ONLY to the extent that Defendants must produce a Rule 30(b)(6) witness on the Demographic Data by February 28, 2021 and was otherwise DENIED. The Clerk of the Court is respectfully directed to close ECF No. 316.
>
> SO ORDERED     2/12/2021     /s/ Sarah L. Cave
> SARAH L. CAVE
> United States Magistrate Judge

February 11, 2020

**VIA ECF**
The Honorable Sarah L. Cave, U.S.M.J.
United States District Court, Southern District
500 Pearl Street, Room 702
New York, NY 10007

      Re:    **Local 3621, et al v. City of New York, et al; Index No. 18-cv-04476 (LJL)(SLC)**

Your Honor:

      Pursuant to FRCP 60, Plaintiffs bring this motion for modification and/or clarification of your February 11, 2021 order [ECF No. 315].

      It is Plaintiffs' understanding that because this Court denied all relief sought by Defendants in their motion for sanctions and instead awarded the relief sought in Plaintiffs' cross-motion that the order should properly reflect that Defendants' motion for sanctions is denied, rather than granted in part.

      In the alternative, if Plaintiffs' understanding is incorrect, and notwithstanding decisions such as S. New England Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 145 (2d Cir. 2010), U.S. Bank Nat'l Ass'n as Tr. for CSMC Mortg.-backed Pass-through Certificates v. Dernier, 2020 WL 3881412, at *3 (D. Vt. July 9, 2020), and Hallmark v. Cohen & Slamowitz, LLP, 2016 WL 1127799, at *2 (W.D.N.Y. Mar. 23, 2016), the Court has granted sanctions against Plaintiffs (and not Defendants) for failing to be able to schedule a deposition within the same 7-week time period which Defendants also failed to schedule a court-ordered deposition, Plaintiffs respectfully ask that the Court confirm this so the record is clear.[1]

      As such, Plaintiffs respectfully request, pursuant to FRCP 60, that the Court either modify its order to reflect that Defendants' motion for sanctions is denied, or confirm for the record that in fact the Court has granted sanctions against Plaintiffs only.

Respectfully Submitted,

   /s/
Yetta G. Kurland

---

[1] So the Court is aware, far from intending delay, or acting in bad faith, during the 7 weeks that Plaintiffs were attempting to meet and confer about the two outstanding depositions, Plaintiffs were also putting together their motion for class certification, Plaintiffs' counsel' office was closed during the holiday season, one of the two attorneys working on the case suffered an unexpected death in their family in mid-December, and the deponent Lt. Variale, the President of Local 3621, was handling increased responsibilities as the City and his members were hit with a resurgence of the Covid-19 pandemic, which made coordinating his schedule more difficult.

85 BROAD STREET
28th FLOOR
NEW YORK, NY 10004

P: 212 253 6911
F: 212 614 2532

kurland@kurlandgroup.com
KURLANDGROUP.COM

New York | Washington, D.C.