UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOCAL 3621, EMS OFFICERS UNION, DC-37, AFSCME, AFL-CIO, et al.,

                Plaintiffs,

against

THE CITY OF NEW YORK, et al.,

                Defendants.

CIVIL ACTION NO.: 18 Civ. 4476 (LJL) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

    Before the Court is Plaintiffs' "Letter Motion for Discovery," which the Court construes as a second motion for reconsideration of the Court's February 11, 2021 Order (the "Feb. 11 Order"). (ECF No. 320) (the "Motion"). For the reasons set forth below, the Motion is DENIED.

    Although Plaintiffs protest that they do not seek reconsideration of the Feb. 11 Order, they state that they bring this "motion to reargue" — in other words, reconsider — based on their contention that Defendants "fabricated" the underlying basis for the relief the Court granted in the Feb. 11 Order. (ECF No. 320 at 1 n.1). This amounts to Plaintiffs' second request for reconsideration of the Feb. 11 Order, Plaintiffs having already filed one motion for reconsideration on February 12, 2021 (the "First Motion for Reconsideration") (ECF No. 316), which requested the same relief as the Motion, namely, that the Court dismiss Defendants' Rule 37 motion and grant the relief awarded to "reflect that Defendants' request for sanctions are unwarranted and have been denied in full." (ECF No. 320 at 4; see ECF No. 316 at 1 ("[the Feb. 11 Order] should properly reflect that Defendants' motion for sanctions is denied, rather than

granted in part")).  Thus, the Motion is, in truth, another request for reconsideration of the Feb. 11 Order.

The Court has discussed the standards governing motions for reconsideration in <u>three</u> previous orders on motions for reconsideration in this case (ECF Nos. 104, 117, 259), and will not reiterate them here.  In short, a motion for reconsideration is not "an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced."  <u>Associated Press v. U.S. Dep't of Def.</u>, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).  It is not a way to "advance new facts, issues or arguments not previously presented to the Court."  <u>Polsby v. St. Martin's Press, Inc.</u>, No. 97 Civ. 960 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (internal citation omitted).

As noted above, in the Motion, Plaintiffs make the same arguments made in the First Motion for Reconsideration.  (<u>Compare</u> ECF No. 316 at 1 <u>with</u> ECF No. 320 at 4).  To the extent Plaintiffs attempt to recharacterize subsequent correspondence with Defendants' counsel as "new facts," that is similarly an improper basis for reconsideration.  <u>See</u> <u>Polsby</u>, 2000 WL 98057, at *1.  Accordingly, the Motion is DENIED.

The Clerk of Court is respectfully directed to close the Letter-Motion at ECF No. 320.

Dated:     New York, New York
           February 17, 2021                             SO ORDERED

                                                         _____
                                                         SARAH L. CAVE
                                                         United States Magistrate Judge