UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOCAL 3621, EMS OFFICERS UNION, DC-37, AFSCME, AFL-CIO, et al.,

                Plaintiffs,

against

THE CITY OF NEW YORK, et al.,

                Defendants.

CIVIL ACTION NO.: 18 Civ. 4476 (LJL) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

The Court is in receipt of Plaintiffs' letter motion to compel (ECF No. 360) requesting the Court's intervention on a sealing matter and the Defendants' Rule 30(b)(6) Demographic Data deposition.

First, Plaintiffs request that Defendants' filings in opposition to Plaintiffs' class certification motion at ECF Nos. 356 and 357, which discuss named Plaintiff Mascol's disciplinary history be placed under seal "until the Court has an opportunity to review and rule on the proper redactions." (ECF No. 360 at 1). These filings are associated with Defendants' opposition to Plaintiffs' class certification motion (ECF Nos. 300–07), which is before Judge Liman, and motions to seal must comply with his individual rules. Defendants failed to follow those procedures, and the parties are now ORDERED to meet and confer on the scope of redactions to the public versions of Defendants' class certification opposition papers. In the meantime, the request to seal ECF Nos. 356 and 357 is GRANTED.

Second, Plaintiffs allege that Defendants have not produced "all outstanding demographic data" and "refuse to produce a 30(b)(6) witness who is prepared to answer

questions regarding the full dataset produced." (ECF No. 360 at 1). This issue is also the subject of Plaintiffs' pending Motion for Sanctions, which seeks an adverse inference. (ECF Nos. 281–83). On March 5, 2021 the Court ordered that while the Motion for Sanctions was pending, Defendants were to (1) provide Plaintiffs multiple dates for the scheduling of the Rule 30(b)(6) Demographic Data Witness, (2) produce the data legend and the data on which the Rule 30(b)(6) Demographic Data Witness would be testifying at least 72 hours before the deposition. (ECF No. 353).

Defendants have communicated to Plaintiffs that the Rule 30(b)(6) deposition on the demographic data can occur on March 18, 2021 or in April. If Defendants cannot complete the deposition within the ordered timeframe, it is their responsibility to request an extension of time. The Court reiterates that this deposition shall occur in **March 2021**.

The Court also made clear that Defendants were to provide a complete legend of the produced data. On review of the emails submitted with Plaintiffs' letter-motion, it is apparent that parts of the legend produced by Defendants are cut off, and parts of the legend are explained with additional codes. (See ECF No. 360-1 at 10–11). Defendants must produce a complete legend of all codes, not just the HRIS codes, at least 72 hours before the deposition is scheduled to take place. If they have truly produced the full "extent of the codes" (see ECF No. 360-1 at 10), then the Rule 30(b)(6) Demographic Data Witness should be prepared to answer questions regarding the codes and descriptions.

As to the data sets on which the Rule 30(b)(6) Demographic Data Witness will testify, it is the Court's understanding that the City reproduced a complete data set from FISA/OPA as a supplement to the DCAS snapshot data. Thus, the City need not prepare the Demographic Data

Witness to testify as to the snapshots, because the information in the snapshots should be included in the more complete FISA/OPA data, as to which the Demographic Data Witness will testify.  The Demographic Data Witness must be prepared to testify to the data produced, except as to (i) the snapshot data, and (ii) the data to which Kamaldeep Deol already testified as a Rule 30(b)(6) witness for Defendants.

Finally, as a separate matter that came to the Court's attention through the email exchanges attached at ECF No. 360-1, the Court reminds the parties that it DENIED Defendants' request for an extension of time to depose Vincent Variale.  (See ECF No. 327).  Plaintiffs do not need to provide dates for that deposition to Defendants.

In conclusion:

1. **By March 26, 2021**, the parties must meet and confer on the scope of redactions to the public version of Defendants' class certification opposition papers and submit updated versions on the docket.  If the parties cannot agree on the scope of redactions, they must follow Judge Liman's procedures regarding sealing.

2. **At least 72 hours** ahead of the deposition of Defendants' Rule 30(b)(6) Demographic Data Witness, Defendants must produce a corrected legend.  If there is no legend available that explains the codes without other codes, Defendants must prepare the Rule 30(b)(6) Demographic Data Witness to testify on the meaning of the codes.

3. Absent any motion for an extension of time, the Rule 30(b)(6) Demographic Data Witness deposition must occur by **March 31, 2021**.

The Clerk of Court is directed to make ECF Nos. 356 and 357 visible only to the parties in this action and to the Court, and to close ECF No. 360.

Dated:     New York, New York
           March 16, 2021                                    SO ORDERED

                                                     _____
                                                     SARAH L. CAVE
                                                     United States Magistrate Judge