

March 15, 2021

**VIA ECF**
The Honorable Lewis J. Liman, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street, Room 701
New York, NY 10007

      **Re:    Local 3621, et al v. City of New York, et al; Index No. 18-cv-04476 (LJL)(SLC)**

Dear Your Honor:

      I write to respectfully request that the Court hold in abeyance the deadline for Plaintiffs' time to reply in the pending motion for class certification so that this Court may first rule on Plaintiffs' anticipated motion to preclude and for related relief pursuant to, *inter alia*, FRCP 37.

      On March 11, 2021, Defendants filed under seal opposition to Plaintiffs' motion for certification. In their memorandum of law Defendants' counsel makes false and defamatory statements regarding Plaintiff Renae Mascol based on misstatements of information in documents Defendants withheld until just days before their opposition, and well after Plaintiffs filed their motion for certification. Defendants' deadline to produce this information, which is relevant to the merits of the case but not certification, was March 25, 2019. Moreover, if Defendants wanted to use this information as part of the pending motion for certification, their deadline to produce it was November 25, 2020. As such, these documents must be precluded. *See* Ebewo v. Martinez, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004).

      Similarly, Defendants have withheld and continue to withhold relevant and necessary discovery, production of which was ordered by the Court in December 2020 [ECF No. 246]. While withholding this information from Plaintiffs, Defendants' expert witness admits having reviewed this information and relied on it in their report and rebuttal of Plaintiffs' expert report [ECF No. 354-19]. This expert raises additional issues that must be addressed by this Court prior to Plaintiffs' reply related to conflicts of interest issues that arise given Defendants' use of the expert witness firm BLDS, LLC. As Defendants are aware, Plaintiffs have employed the same firm prior to Defendants doing so to act as an expert in this matter. [ECF No. 1-3]. *See* Rouviere v. DePuy Orthopaedics, Inc., 2020 WL 6265659, at *2 (S.D.N.Y. Oct. 25, 2020); Eastman Kodak Co. v. Kyocera Corp., 2012 WL 4103811, at *8 (W.D.N.Y. Sept. 17, 2012).

      It is well within this Court's discretion and even favored by the courts that, in order to avoid confusion and to conserve judicial resources, motions like the pending motion for

85 BROAD STREET
28th FLOOR
NEW YORK, NY 10004

P: 212 253 6911
F: 212 614 532

kurland@kurlandgroup.com
KURLANDGROUP.COM

New York | Washington, D.C.

certification be held in abeyance until a Rule 37 motion is resolved.  *See* Times Three Clothier, LLC v. Spanx, Inc., 2014 WL 4100617, at *1 (S.D.N.Y. Aug. 20, 2014); Kizer v. Abercrombie & Fitch Co., 2016 WL 11480709, at *2 (E.D.N.Y. Aug. 5, 2016).

We have advised Defendants' counsel on March 12, 2021 of our intent to file a motion regarding these issues.  Defendants' counsel has advised the undersigned that while she would oppose the motion itself, she would consent to an adjournment of Plaintiffs' reply to certification.  *See* **Exhibit A**.  Below is a proposed schedule that provides leave for Defendants' counsel to file such opposition.

This is Plaintiffs' first request for this relief, and for the reasons discussed because the outcome of this motion will significantly affect the substance of Plaintiffs' reply to their motion for class certification, we respectfully request for judicial economy and to avoid confusion, that Plaintiffs' deadline to file their reply to the motion to certification, which is currently April 5, 2021, be held in abeyance until the Court rules on Plaintiffs' FRCP 37 motion.  Further Plaintiffs propose the following briefing schedule for their Rule 37 motion:

- Plaintiffs file there FRCP 37 motion by April 2, 2021,
- Defendants file their opposition by April 23, 2021,
- Plaintiffs file their reply by May 7, 2021, and
- Plaintiffs shall file their reply in the pending motion for certification two (2) weeks after the Court issues its ruling on Plaintiffs' FRCP 37 motion.

Further, given the sensitive nature of the underlying matter, and in light of the Court's Order requiring that the "details and underlying facts of [Mascol's] disciplinary history" be kept confidential [ECF No. 259], Plaintiffs seek leave to file their intended FRCP 37 motion under seal.  *See* United States v. Amodeo, 71 F.3d 1044, 1051 (2d. Cir. 1995).

Thank you in advance for your time and attention to this matter.


Respectfully Submitted


_____/s/_____
Yetta G. Kurland

> The proposed briefing schedule is GRANTED.  The request for the Rule 37 motion to be filed under seal shall be submitted to Judge Cave pursuant to her Individual Practices in Civil Cases.
>
> SO ORDERED. 3/18/2021.
>
> _____
> LEWIS J. LIMAN
> United States District Judge