```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/07/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
:
LOCAL 3621, EMS OFFICERS UNION, DC-37,    :
AFSCME, AFL-CIO, et al.,                                :
:
                 Plaintiffs,         :           18-cv-4476 (LJL)
:
      -v-                               :           MEMORANDUM &
:           ORDER
THE CITY OF NEW YORK, et al.,                  :
:
                 Defendants.        :
:
---------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      On May 19, 2021, Magistrate Judge Cave issued a Report and Recommendation recommending that the Court deny Plaintiffs' Rule 37 motion to preclude Defendants from offering certain evidence in opposition to Plaintiffs' pending motion for class certification.  Dkt. No. 406.  On June 16, 2021, Plaintiffs filed objections to the Report and Recommendation, Dkt. No. 418, and, on July 20, 2021, Defendants filed a response in opposition to those objections, Dkt. No. 425.

      In reviewing a Magistrate Judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The Court reviews any portion of the report to which a party makes an objection de novo; in the absence of any objection, the Court reviews the report and recommendation only for clear error.  Fed. R. Civ. P. 72(b) Advisory Committee Notes; *Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018).  However, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review . . . ."

*Owusu v. New York State Ins.*, 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009) (quoting *Vega v. Artuz*, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)). Were it otherwise, the requirement to make a specific written objection to "portions of the report" or "specified proposed findings," 28 U.S.C. § 636(b)(1), would be an empty formality, and "the magistrate's work [would be reduced] to something akin to a meaningless dress rehearsal." *Vega*, 2002 WL 31174466, at *1. Thus, when considering objections that "merely re-assert arguments already submitted to the Magistrate Judge, this Court need only review the Report and Recommendation for clear error." *Owusu*, 655 F. Supp. 2d at 313; *see also Pinkney v. Progressive Home Health Servs.*, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) ("To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. . . . [N]o party [should] be allowed a 'second bite at the apple' by simply relitigating a prior argument."); *Kiggins v. Barnhart*, 2004 WL 1124169, at *1 (S.D.N.Y. May 20, 2004) (same); *Singh v. U.S. Security Assocs., Inc.*, 2008 WL 2324110, at *1 (S.D.N.Y. June 4, 2008) (same); *Ortiz v. Chertoff*, 2009 WL 2486007, at *1 (S.D.N.Y. Aug. 14, 2009) (same).

The Court has conducted a thorough review of the record and finds that Plaintiffs' objections—with one exception—simply reiterate the same arguments Plaintiffs raised in their memorandum of law in support of the motion to preclude, Dkt. No. 376, and their reply memorandum, Dkt. No. 398, and reflect only Plaintiffs' disagreement with Judge Cave's careful and well-reasoned rejection of those identical arguments.[1] Upon this review, the Court agrees

---

[1] Moreover, to the extent that Plaintiffs seek de novo review of Judge Cave's decisions not to impose Rule 37 sanctions, "[m]onetary sanctions pursuant to Rule 37 for noncompliance with discovery orders are usually committed to the discretion of the magistrate, reviewable by the district court under the 'clearly erroneous or contrary to law' standard." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). Plaintiffs fail to identify any error much less

with Judge Cave's findings. The Court finds no clear error on the face of the Report and Recommendation.

The single exception is Plaintiffs' argument that Judge Cave's Report and Recommendation must be rejected in light of her subsequent recusal from the case. Judge Cave issued the Report and Recommendation on May 19, 2021; Plaintiffs requested that Judge Cave recuse herself from this matter on June 2, 2021, two weeks after she issued the Report and Recommendation and more than a year after her significant involvement with this case began, *see* Dkt. No. 415. Plaintiffs' letter requesting that Judge Cave recuse herself stated that they "recently learned" that the City of New York was a previous client of Judge Cave's, *id.*, and Plaintiffs' objections cites "recent developments in Defendants' position in this matter coupled with Judge Cave's significant relationship with Defendant the City of New York," including specifically Judge Cave's representation of the City of New York in 2010-2013. Dkt. No. 418 at 4-5.

Defendants' arguments that recusal was not strictly necessary, *see* Dkt. No. 425 at 16-18, are well-taken. Judge Cave represented the City of New York from 2010-2013, and there is no indication that she has any continuing relationship with the City. The plaintiff that Judge Cave represented the City in opposing was licensed to work as an EMS worker but is not a class member here, and the facts in that matter are wholly unrelated to this case. *See In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001) ("Where a case . . . involves remote, contingent, indirect or speculative interests, disqualification is not required."); *Nat'l Auto Brokers v. GM*, 572 F.2d 953, 958 (2d Cir. 1978) ("[P]rior representation of a party by a judge or his firm with regard to a matter unrelated to the litigation before him does not automatically require recusal.").

---

clear error or any decision contrary to law.

However, even assuming that Judge Cave's recusal was required, "in determining whether a judgement should be vacated for a violation of § 455(a), it is appropriate to consider (1) the risk of injustice to the parties in the particular case, (2) the risk that the denial of relief will produce injustice in other cases, and (3) the risk of undermining the public's confidence in the judicial process." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 875 (1988). The Court finds that there is no risk of injustice nor risk of undermining the public's confidence in the judicial process. Judge Cave rendered a thorough and well-reasoned Report and Recommendation after carefully reviewing extensive submissions on both sides; the Report and Recommendation was based on the objective record and did not involve a hearing in which issues of credibility were presented. During the course of her tenure presiding over this case, she has rendered numerous decisions—some have favored Defendants and some have favored Plaintiffs, including a decision granting Plaintiffs' motions for sanctions against Defendants, Dkt. No. 373.

The Court hereby ORDERS that the Report and Recommendation is ADOPTED in its entirety and DENIES Plaintiff's motion to preclude.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 375.

SO ORDERED.

Dated: October 7, 2021
      New York, New York

                                              LEWIS J. LIMAN
                                              United States District Judge