

> The deadline for Plaintiffs to respond to Defendants' motion for judgment on the pleadings, Dkt. No. 491, is STAYED pending further order of the Court.  In light of the January 12, 2024 deadline for fact discovery, the Court will hold a conference on Plaintiffs' motion to convert Defendants' motion to one for summary judgment, Dkt. No. 495, on January 17, 2024 at 2:00 PM. The parties are directed to dial into the Court's teleconference line at 888-251-2909 and use access code 2123101. The parties are also directed to inform the Court if the date for fact discovery is further adjourned so that the Court can consider whether to adjourn the conference as well.
>
> SO ORDERED.
> /s/ Lewis J. Liman
> LEWIS J. LIMAN
> United States District Judge
>
> December 8, 2023

December 6, 2023

**VIA ECF**
The Honorable Lewis J. Liman, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 701
New York, NY 10007

Re:     Local 3621, et al v. City of New York, et al; Index No. 18-cv-04476

Dear Your Honor:

We write on behalf of Plaintiffs in the above referenced matter pursuant to FRCP 12(d) to request that Defendants' recent FRCP 12(c) motion filed December 4, 2023 [ECF No. 491] be (1) converted to a FRCP 56 motion, and (2) held in abeyance with a briefing schedule set after Defendants comply with their outstanding discovery obligations pursuant to the May 31, 2023 Order of Magistrate Judge Willis. [ECF No. 465].

Precipitating Defendants' FRCP 12(c) motion was Plaintiffs' Rule 37.2 Letter filed November 29, 2023 [ECF No. 490] in anticipation of bringing a FRCP 37 motion regarding Defendants refusal to produce complete demographic data as ordered by Magistrate Judge Willis on May 31, 2023, and Your Honor on June 28, 2023 [ECF Nos. 465 and 469].[1]

Defendants now seek judgment on the pleadings in this matter, which has been pending for over five (5) years, based in part on arguments already made in their FRCP 12(b)(6) pre-motion letter filed on August 16, 2018 [ECF No. 19], along with unfounded claims that Local 3621 does not have standing.  TWU, Local 100, AFL-CIO v. NYC Transit Auth., 342 F.Supp. 2d 160 (SDNY 2004).  Plaintiffs respectfully aver that Defendants' instant FRCP 12(c) motion is merely another effort to avoid production of outstanding discovery and to cause additional delay.

---

[1] Defendants are intent on withholding the complete demographic data necessary for resolving claims in this action. Most recently, Defendants refused to comply with Magistrate Judge Willis' May 31, 2023 Order [ECF No. 465] directing among other things that "Defendants must produce 'information regarding…demographic data…requested in Plaintiffs' Document Requests…#3… going back to 2004."  Your Honor will recall this exact issue presented during class certification discovery, for which Defendants were ultimately sanctioned. [ECF No. 446].  Although sanctions normally serve to deter future bad faith conduct, Defendants seem undeterred and are now engaging in the same conduct in merits discovery. [ECF No. 494].

85 BROAD STREET
28th FLOOR
NEW YORK, NY 10004

P: 212 253 6911
F: 212 614 532

kurland@kurlandgroup.com
KURLANDGROUP.COM

New York | Washington, D.C.

Indeed, the outstanding discovery is necessary to address the claims made in Defendants' FRCP 12(c) motion. *See* Acot v. New York Med. Coll., 153 F.R.D. 517, 521 (S.D.N.Y. 1993). In specific, Defendants admit "[t]his case raises significant questions of fact, given that Plaintiffs cannot show that they are entitled to relief without proving facts such as that Union members are qualified for promotions and that Defendants acted with discriminatory intent." (ECF No. 492, p. 15). Therefore, the Court must allow discovery to be completed before considering Defendants' motion, so it may review all the necessary evidence in deciding these questions of fact. Id.

While Plaintiffs assert that Defendants will be unable to meet their burden to dismiss Plaintiffs' claims, to the extent there is any basis to support Defendants' motion. it is based on factual questions that will be answered only upon completion of the outstanding discovery. This further favors conversion of Defendants' FRCP 12(c) motion to a FRCP 56 motion. Indeed, the outstanding demographic data will be "comprehensive and will enable a rational determination of a summary judgment motion," and therefore the Court should accept such material and convert the motion. Morris v. Gilbert, 649 F. Supp. 1491, 1494 (E.D.N.Y. 1986).

Further, both Defendants and Plaintiffs will rely on facts and evidence outside of the pleadings, including Plaintiffs' reliance on statistical analyses from the outstanding demographic data. As FRCP 12(d) makes clear, "If, on a motion under…12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment." Plaintiffs are entitled to a reasonable opportunity to present all the material that is pertinent to Defendants' motion, which requires Defendants' production of the ordered discovery including the demographic data. Further, the Court must convert the motion if it "includes material outside the pleadings," which includes materials submitted by the movant, the opponent, or both. Sira v. Morton, 380 F.3d 57, 66 (2d Cir. 2004); Krijn v. Pogue Simone Real Estate Co., 896 F.2d 687, 689 (2d Cir.1990). Moreover, "[f]actual allegations contained in legal briefs are also treated as matters outside the pleadings." Fonte v. Board of Managers of Continental Towers Condo., 848 F.2d 24 (2d Cir.1988).

For these reasons, and because production of this discovery will best serve Your Honor in deciding Defendants' motion, Plaintiffs respectfully ask that pursuant to FRCP 12(d) Defendants' FRCP 12(c) motion be: (1) converted to a FRCP 56 motion and (2) held in abeyance with a briefing schedule set after Defendants have completed discovery. In the alternative, if Your Honor does not wish to convert this motion, Plaintiffs ask that Plaintiffs' deadline to oppose be extended until after Defendants comply with their discovery obligations as ordered by the Court.

Respectfully Submitted
    /s/
Yetta G. Kurland