UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LOCAL 3621, EMS OFFICERS UNION, DC-37,
AFSCME, AFL-CIO *et al.*,

                            Plaintiffs,

              -against-

THE CITY OF NEW YORK *et al.*,

                            Defendants.
------------------------------------------------------------------X

**ORDER**

**18-cv-4476 (LJL) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On May 6th, the Parties submitted letters raising potential discovery issues related to the expert conferences this Court ordered on April 26th. See Dkt. Nos. 555–56 (citing Dkt. No. 553).

First, the April order directed the Parties' data experts "to meet for short conferences to work on the **specific issues identified**…to determine whether custom queries or other methods may lead to faster, less burdensome production of the data." Dkt. No. 553 at 16. While the experts are not limited to the Court's verbatim language in that Order, they are restricted to the specific issues identified in the Order. Those issues, as indicated in the last Order, are **only: 1) leave data and 2) promotional data**. Dkt. No. 553 at 11-12.

Second, the intent of the Court's April Order was that the conferences would be short, informal conferences between experts, where the experts would discuss with each other whether the use of certain search methods (such as custom queries) could secure the specific data items mentioned in the Order in an unburdensome way. These are not intended to be depositions. The meetings should not be transcribed and

none of the experts should be sworn. Ideally, the attorneys would have little to no involvement and the experts themselves would speak directly to each other.

Third, the City is required to produce data within its possession. It is not limited to only producing documents representing pre-existing set queries. If the experts together find that custom queries could reasonably secure the requested data, they should use custom queries to do so. However, if such queries would be impossible or overly burdensome, the City can inform the Court and may not be required to run them.

Fourth, by **Friday, May 10th**, the City shall submit at least three available dates to Plaintiff for these conferences. By **May 17th**, the Parties shall complete the expert conferences and provide the Court with a status update and proposed timeline for completing the ordered data productions.

Finally, the Court reiterates that failure to abide by these directives could result in sanctions.

SO ORDERED.

DATED:   New York, New York
         May 8, 2024

_____
JENNIFER E. WILLIS
United States Magistrate Judge