```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/11/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LOCAL 3621, EMS OFFICERS UNION, DC-37,
AFSCME, AFL-CIO, individually and on behalf of its
members, RENAE MASCOL, and LUIS RODRIGUEZ,
on behalf of themselves and on behalf of all other
similarly-situated individuals,

                      Plaintiffs,

       -v-

CITY OF NEW YORK, et al.,

                      Defendants.
------------------------------------------------------------------X

18-cv-4476

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiffs ask the Court to order Defendant to produce all documents and portions of documents previously withheld as privileged on the grounds that Defendants failed to timely produce privilege logs and failed to provide an adequate description of the documents that were being withheld on the basis of privilege. Dkt. No. 628 at 2–3.

Familiarity with the proceedings on October 1, 2024, as well as all prior proceedings, is presumed. In brief, at the October 1, 2024 conference, Defendants represented that they had not withheld any documents on the basis of privilege during the merits phase of this case. Plaintiffs disputed that assertion. The Court ordered Plaintiffs by October 7, 2024, to submit evidence that to support the proposition that Defendants had asserted new claims of privilege during the merits stage of this case. Dkt. No. 633.

Plaintiffs now assert that Defendants claimed privilege over documents bates stamped EEO_00318 through EEO_002189 and COMPLAINT_0001 through COMPLAINT_0681. Dkt. No. 637 at 1. Plaintiffs also assert that Defendants have withheld as privileged documents responsive to topics 10 and 11 of Plaintiffs' March 3, 2023 request for production of documents

and request 3 of Plaintiffs' March 20, 2024 request for production of documents. *Id.* at 1–3. With respect to all three requests, Plaintiffs assert that documents must exist but were not produced. *Id.* at 2. Accordingly, they ask that the Court order Defendants to produce unredacted copies of the EEO production which range from EEO_00318 through EEO_002189 and COMPLAINT_0001 through COMPLAINT_0681 and documents responsive to topics 10 and 11 of Plaintiffs' March 3, 2023 request for production of documents and request 3 of Plaintiffs' March 20, 2024 request for production of documents. *Id.* at 3.

Defendants respond that the documents bearing bates-stamps EEO_00318 through EEO_002189 were first produced during class discovery and were only reproduced in merits discovery on September 23, 2024, as a courtesy. Dkt. No. 638 at 1. A privilege log was produced during class discovery. *Id.* at 2. No objection was then raised with the Court regarding the adequacy of the privilege log or that documents were being improperly withheld for privilege. The redactions to the documents marked COMPLAINT_0001 through COMPLAINT_0681 were made for sensitive personal information of non-parties only, such as birthdates and social security numbers and no redactions were made on the basis of privilege. *Id.* Defendants further assert that no documents responsive to topics 10 and 11 of Plaintiffs' March 3, 2023 request for production of documents or request 3 of the March 20, 2024 request for production of documents were withheld on the basis of privilege. *Id.* at 2–3. Defendants produced documents responsive to requests 10 and 11. Dkt. No. 638-1. In response to request 3 of Plaintiffs' March 20, 2024 request, Defendants served responses on April 26, 2024, referring Plaintiffs to documents previously produced and to their responses to Plaintiffs' Supplemental Interrogatories. Dkt. No. 638-2 at 6–7.

The motion to produce documents improperly withheld as privileged is denied. To the extent that Plaintiffs challenge the adequacy of the privilege log with respect to documents first produced during class discovery and only reproduced during merits discovery as a courtesy, that objection is untimely. Class discovery in this case ended without objection on November 25, 2020.[1] The motion for class certification was made on January 18, 2021. Dkt. No. 300. At the end of class discovery, Plaintiffs confirmed that class discovery was complete. The time for Plaintiffs to have raised an objection with respect to documents allegedly improperly withheld on the grounds of privilege during class discovery would have been before class discovery closed nearly four years ago. *See Richardson v. City of New York*, 326 F. App'x 580, 582 (2d Cir. 2009) ("[T]he district court did not abuse its discretion in denying Plaintiff's motion to compel discovery, which was filed over one month after the close of discovery, as untimely."); *Gucci Am., Inc. v. Guess?, Inc.*, 790 F. Supp. 2d 136, 141 (S.D.N.Y. 2011) (denying a motion to compel where defendants' position on the discovery issue "was made clear early and often," and defendants had objected to the request during discovery, but plaintiff had not challenged the objection in an application to the Court until after discovery closed).

The right to object to the alleged improper withholding of those documents years ago was not revived by Magistrate Judge Willis' order that Defendants produce an up-to-date privilege log or by Defendants' compliance with that order by reproducing their December 2020 privilege log, after confirming that there were no additional documents withheld on the basis of privilege and that the December 2020 privilege log was the most up-to-date. Plaintiffs have not sustained their

---

[1] The history of the repeated extensions of class discovery is recounted in the Court's opinion denying the motion for class certification. Dkt. No. 453 at 12–13. Even after the close of class discovery, extensive motion practice continued.

3

burden to show that any additional documents have been withheld on the basis of privilege during merits discovery.[2]

SO ORDERED.

Dated: October 11, 2024
New York, New York

LEWIS J. LIMAN
United States District Judge

---

[2] In a reply letter, Plaintiffs appear to shift gears and dispute not the withholding of documents during discovery, but the adequacy of Defendants' production of documents responsive to the requests of March 2, 2023 and March 20, 2024. Dkt. No. 639. That request is characteristic of the whack-a-mole nature of the motions to compel in this case and it too is untimely. Plaintiffs' assertion that the document request is incomplete is based on speculation from the May 23, 2024 deposition of James Whitman. Dkt. No. 637-3. Defendants' responses to Plaintiffs' document requests were served on April 3, 2023 and April 26, 2024, respectively. Dkt. Nos. 638-1, 638-2. At the status conference on October 1, 2024, the Court asked the parties to identify all outstanding discovery issues that have been presented to the undersigned or to Judge Willis and the parties confirmed at the conclusion of that hearing that the Court had resolved all issues, aside from the issue regarding privilege. Dkt. No. 633. No mention was made of the adequacy of production even though Mr. Whitman's deposition had taken place almost six months earlier. Thus, aside from being based on speculation, Plaintiffs' new request thus is untimely.

4