```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/15/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
LOCAL 3621, EMS OFFICERS UNION, DC-37, :
AFSCME, AFL-CIO, *individually and on behalf of its* :
*members*, RENAE MASCOL, and LUIS RODRIGUEZ, :
: 18-cv-4476 (LJL)
Plaintiffs, :
: ORDER
-v- :
:
CITY OF NEW YORK, NEW YORK CITY FIRE :
DEPARTMENT, and DEPARTMENT OF CITYWIDE :
ADMINISTRATIVE SERVICES, :
:
Defendants. :
:
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiff Renae Mascol ("Plaintiff") seeks an order sealing portions of the Court's Opinion and Order dated September 30, 2025, which granted in part and denied in part Defendants' motion for summary judgment. *See* Dkt. Nos. 713, 718. Specifically, Plaintiff moves to seal those portions of the Opinion discussing her employment disciplinary history, including underlying disciplinary allegations and findings. Dkt. No. 718. Plaintiff notes that the Court has previously ordered this information sealed in the context of prior filings. *Id.*; *see* Dkt. Nos. 249, 259, 362, 365, 367. For the following reasons, Plaintiff's motion is denied.

"The Supreme Court and Second Circuit have long held that there is a presumption of immediate public access to judicial documents under both the common law and the First Amendment." *Lohnn v. Int'l Bus. Machs. Corp.*, 2022 WL 36420, at *6 (S.D.N.Y. Jan. 4, 2022) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006)). Whether a document qualifies as "judicial"—and is therefore subject to the presumption of public access— "is a binary decision made as of the time of the document's filing, i.e., filed material either is or

is not a judicial document depending on whether it could have a tendency to influence the court in the exercise of its Article III powers." *Giuffre v. Maxwell*, 146 F.4th 165, 178 (2d Cir. 2025). In contrast to materials "submitted in connection with discovery disputes or motions *in limine*," those submitted "in connection with a motion for summary judgment are subject to a strong presumption of public access," and this presumption does not depend on the extent to which the Court has relied on the information in resolving of the motion.  *See Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019); *see id.* at 48 ("[W]e have expressly rejected the proposition that 'different types of documents might receive different weights of presumption based on the extent to which they were relied upon in resolving [a] motion [for summary judgment].'" (quoting *Lugosch*, 435 F.3d at 123)); *see also Olson v. Major League Baseball*, 29 F.4th 59, 90 (2d Cir. 2022). Materials submitted in connection with motions for summary judgment "should not remain under seal absent the most compelling reasons."  *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982). Moreover, the "Second Circuit and courts within it have repeatedly found sealing improper where the relevant material was already made public."  *Shetty v. SG Blocks, Inc.*, 2021 WL 4959000, at *4 (E.D.N.Y. Oct. 26, 2021) (collecting cases); *see also Robinson v. De Niro*, 2023 WL 3728350, at *3 (S.D.N.Y. May 26, 2023).

      Although the Court previously granted Plaintiff's requests to seal information related to her disciplinary history, those requests arose in the context of non-dispositive motions, where a lessened presumption of public access applied.  At this stage of the litigation, Plaintiff has not established that "the most compelling reasons" require continued sealing of the information, *see Joy*, 692 F.2d at 893—especially given that the information has already been made public. Furthermore, when Plaintiff made her prior sealing requests, she vigorously maintained that information related to her disciplinary history was "irrelevant, prejudicial, and evidence[d]

Defendants' efforts to harass Plaintiffs and other EMS employees." Dkt. No. 257 at 10. At the summary judgment stage, however, not only did Plaintiff invoke her discipline, but she argued that it formed the basis for inferring discrimination. Dkt. No. 713 at 47. While the "privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation," *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995), Plaintiff is not a third party, and she has affirmatively put the information at issue by predicating her claims on it. *See Robinson*, 2023 WL 3728350, at *4 (declining to seal information "central to the claims in this action . . . [where the individual was] not an innocent third-party"); *Cicvara v. Gillette Co.*, 2015 WL 13897345, at *2 (D. Conn. June 22, 2015) (rejecting a plaintiff's request to seal employment-related information, as the plaintiff "brought the lawsuit[] and . . . must have known" that the information "would be central to the disposition of the case").

The Court accordingly determines that any privacy interests that do exist are insufficient to overcome the strong presumption of public access. Plaintiff's motion is therefore DENIED.

The Clerk of Court is respectfully directed to close Dkt. No. 718.

SO ORDERED.

Dated: October 15, 2025
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge