USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/02/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOCAL 3621, EMS OFFICERS UNION, DC-37, AFSCME, AFL-CIO, *individually and on behalf of its members*, RENAE MASCOL, and LUIS RODRIGUEZ,

Plaintiffs,

-v-

CITY OF NEW YORK, NEW YORK CITY FIRE DEPARTMENT, and DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES,

Defendants.

18-cv-4476 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiffs Local 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO ("Local 3621"), Renae Mascol ("Mascol"), and Luis Rodriguez ("Rodriguez" and with Local 3621 and Mascol, "Plaintiffs") seek clarification of this Court's orders of September 30, 2025 (the "September 2025 Order") and September 10, 2026 (the "September 2026 Order") that, collectively, granted summary judgment to Defendants the City of New York (the "City"), the Department of Citywide Administrative Services ("DCAS"), and the New York City Fire Department ("FDNY") (collectively, "Defendants") on all of Plaintiffs' claims. Dkt. No. 756. Plaintiffs ask that the Court clarify whether Local 3621's discrimination claims in this case were dismissed with prejudice or without prejudice. *Id.*

On November 18, 2024, Defendants moved for summary judgment on Plaintiffs' claims for discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1983, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). Dkt. No. 649. Defendants argued that: (1) Plaintiffs failed to present

evidence to support their individual disparate treatment claims, Dkt. No. 654 at 13–25; (2) the Court should dismiss all pattern-or-practice disparate treatment claims because Plaintiffs could only pursue discrimination claims on an individual basis and the evidence failed to show a pattern or practice of discrimination, *id.* at 25–27; (3) Plaintiffs failed to present evidence of disparate impact, *id.* at 27–28; (4) Plaintiffs' due process claims failed because they were not presented in the complaint and Plaintiffs were not deprived of a property or liberty interest, *id.* at 28–30; (5) Local 3621 lacked standing and should be dismissed from the action, *id.* at 30–33; and (6) neither FDNY nor DCAS were suable entities, *id.* at 33. Defendants requested an order that the complaint be dismissed with prejudice. *Id.* at 33.

In its September 2025 Order, the Court resolved Defendants' motion for summary judgment. Dkt. No. 713. The Court limited its substantive analysis to (1) the claims of Mascol and Rodriguez under the disparate impact and disparate treatment theories of Title VII, the NYSHRL, and the NYCHRL, *id.* at 31–57; and (2) Plaintiffs' claims under Section 1983 for violation of the Equal Protection Clause and, with respect to Local 3621, for "Defendants' failure to abide by § 812.a of the NYC Charter and § 59-b of the New York State Civil Service Law, which ultimately denies all of its member-EMS employees equal protection under § 1983," *id.* at 57–60. The Court granted Defendants' motion with respect to Plaintiffs' disparate treatment and equal protection claims. *Id.* at 62. It denied the motion with respect to Plaintiffs' disparate impact claims without prejudice. *Id.* The Court found that Local 3621 had not alleged a violation of the Equal Protection Clause based on § 812.a of the NYC Charter and § 59-b of the New York State Civil Service Law and thus could not proceed on that theory of a violation of equal protection. The Court did not address on the merits any other claims by Local 3621, finding that over the course of the litigation and by not responding to Defendants' arguments,

Plaintiffs had "either waived, withdrawn, or abandoned" all claims brought by Local 3621 except for its claim seeking injunctive relief under Section 1983 for alleged Equal Protection Clause violations. *Id.* at 2.

On November 7, 2025, the City made a second motion for summary judgment seeking an order dismissing the remaining claims of Mascol and Rodriguez for disparate impact discrimination pursuant to Title VII, the NYSHRL, and the NYCHRL. Dkt. No. 728. Thereafter, Mascol and Rodriguez cross-moved for partial summary judgment and Mascol moved for reconsideration of the September 2025 Order. Dkt. Nos. 732, 736. The Court's September 2026 Order resolved those motions. Dkt. No. 755. The Court denied the motion for reconsideration and granted the City's motion for summary judgment. *Id.* at 31. The Court directed the parties to meet and confer and to propose a form of final judgment to be entered in this case. *Id.* In the course of the September 2026 Order, the Court observed that it had granted summary judgment to Defendants on all of Local 3621's claims. *Id.* at 19–20.

Plaintiffs now ask the Court to clarify that the dismissal of Local 3621's claims for discrimination made on its own behalf and on behalf of its members was without prejudice to the right to pursue such claims in state court. Dkt. No. 756. The City responds that "because the Court already clarified that Local 3621 cannot reassert its NYSHRL and NYCHRL claims in this action, these dismissals are with prejudice," and that the dismissals for abandonment should preclude other actions. Dkt. No. 757 at 1–3.

The Court agrees with Plaintiffs in part and disagrees in part. The Court granted summary judgment to Defendants on all of Plaintiffs' claims, including the claims of Local 3621. Those claims may not be reasserted in this case. The Court therefore is prepared to enter judgment on all of Plaintiffs' claims. The claims of Mascol and Rodriguez were addressed on

the merits. The claims of those plaintiffs were dismissed with prejudice. At the same time, however, Defendants' motion for summary judgment was directed to Local 3621's standing, and the Court's statement that Local 3621 had waived, withdrawn, or abandoned its claims by not responding to Defendants' arguments was addressed to Defendants' argument that Local 3621 lacked standing. "'A dismissal for lack of jurisdiction without leave to amend is not the same thing as a dismissal with prejudice.'" *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 445 (2d Cir. 2022) (quoting *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 581 (7th Cir. 2019)). A dismissal for lack of standing is "by definition, without prejudice." *Id.*

Accordingly, the proposed form of final judgment should reflect that all claims of Mascol and Rodriguez are dismissed with prejudice, but that the claims of Local 3621 are dismissed without prejudice for lack of standing.

SO ORDERED.

Dated: October 2, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge